NUCOR CORPORATION v. GENERAL BEARING CORPORATION

No. 378PA91

(Filed 18 December 1992)

1. **Arbitration and Award § 34 (NCI4th)— agreement to arbitrate—no provision for counsel fees—arbitration counsel fees prohibited**

   The "agreement to arbitrate" did not include an entire stock purchase agreement but was confined to a section thereof captioned "Arbitration." Thus, where the arbitration section of the agreement contained no reference to counsel fees, the "agreement to arbitrate" did not "otherwise provide" for the inclusion of counsel fees in the arbitration award, and N.C.G.S. § 1-567.11 prohibited the award of counsel fees for work performed in the arbitration proceeding.

   **Am Jur 2d, Arbitration and Award §§ 6, 14, 139.**

2. **Arbitration and Award § 34 (NCI4th)— arbitration counsel fees—necessity for provision in arbitration agreement**

   The language of N.C.G.S. § 1-567.11 clearly reflects the legislative intent that counsel fees are not to be awarded for work performed in arbitration proceedings unless the parties specifically agree to and provide for such fees in the arbitration agreement.

   **Am Jur 2d, Arbitration and Award §§ 6, 139.**

3. **Statutes § 5.8 (NCI3d)— general and specific statutes—control by specific statute**

   Where one statute deals with a particular subject or situation in specific detail, while another statute deals with the

NUCOR CORP. v. GENERAL BEARING CORP.

[333 N.C. 148 (1992)]

subject in broad, general terms, the particular, specific statute will be construed as controlling absent a clear legislative intent to the contrary.

**Am Jur 2d, Statutes § 257.**

4. **Arbitration and Award § 34 (NCI4th)— arbitration counsel fees—applicable statute**

Since N.C.G.S. § 6-21.2 is a statute of general applicability while N.C.G.S. § 1-567.11 is a specific statute relating solely to arbitration, N.C.G.S. § 6-21.2 does not apply to arbitration proceedings. Thus, both the arbitrator or arbitration panel and the superior courts upon confirmation are limited to applying only N.C.G.S. § 1-567.11 in determining whether counsel fees should be or were properly awarded in an arbitration proceeding.

**Am Jur 2d, Arbitration and Award §§ 6, 139; Statutes § 257.**

5. **Arbitration and Award § 34 (NCI4th)— arbitration award—no increase by court for counsel fees**

There is no provision or authority in N.C.G.S. § 1-567.11 or elsewhere in the Arbitration Act allowing a court to increase an arbitration award by adding counsel fees not contained in the award.

**Am Jur 2d, Arbitration and Award §§ 6, 139.**

On defendant's petition for discretionary review pursuant to N.C.G.S. § 7A-31(a) of an opinion of the Court of Appeals, 103 N.C. App. 518, 405 S.E.2d 776 (1991), affirming the judgment awarding plaintiff's attorneys fees pursuant to the provisions of N.C.G.S. § 6-21.2, entered by Griffin, J., on 2 May 1990 in Superior Court, Mecklenburg County. Heard in the Supreme Court on 11 May 1992.

*DeLaney and Sellers, P.A., by Ernest S. DeLaney III, for plaintiff-appellee.*

*Kennedy Covington Lobdell & Hickman, by Raymond E. Owens, Jr. and Alice C. Richey, for defendant-appellant.*

*Baer Marks & Upham, by Anthony De Toro, for defendant-appellant.*

NUCOR CORP. v. GENERAL BEARING CORP.

[333 N.C. 148 (1992)]

LAKE, Justice.

This case arises out of an arbitration proceeding pursuant to North Carolina's codification of the Uniform Arbitration Act, specifically N.C.G.S. § 1-567.1 to .19. The essential question raised is whether our Arbitration Act, or our general law, permits an arbitration award, duly made under the Act, to be expanded by the court of jurisdiction on confirmation to include attorneys' fees for work conducted in the arbitration proceeding. The answer requires analysis of the several sections of our Arbitration Act and a comparison of the specific language of N.C.G.S. § 1-567.11 with the general statutory authority allowing the award of attorneys' fees under certain contractual arrangements as provided in N.C.G.S. § 6-21.2. As such, this case, in essence, presents to this Court an issue of first impression.

On or about 1 December 1986, General Bearing Corporation (General Bearing) entered into a Stock Purchase Agreement with Nucor Corporation (Nucor) under the terms of which Nucor agreed to purchase from General Bearing all of the outstanding stock of General Bearing's subsidiary, Genbearco Manufacturing Company, Inc., located in Wilson, North Carolina. Nucor is a manufacturer of steel and steel fabricated products, with its corporate headquarters in Charlotte, North Carolina. General Bearing is a manufacturer of bearings, with its corporate headquarters in Blauvelt, New York. The Agreement obligated General Bearing to pay Nucor the value of Genbearco's obsolete inventory and to pay any deficiency in the warranted net worth of Genbearco. The Agreement also required General Bearing to secure its various obligations by an irrevocable letter of credit in the amount of $1,500,000 and to put $1,000,000 of the purchase money received in escrow pending its full performance.

Section 23 of the Stock Purchase Agreement provided for the submission to arbitration of any dispute arising in connection with the Agreement. The Agreement further provided that choice of law governing would be the laws of North Carolina and that expenses of arbitration would be divided equally between the parties. Section 9 of the Agreement, captioned "Indemnification," provides for reasonable attorneys' fees under certain conditions to each of the parties, but only with respect to indemnification for liabilities incurred to third parties. This is the only section in the Agreement which refers to attorneys' fees.

NUCOR CORP. v. GENERAL BEARING CORP.

[333 N.C. 148 (1992)]

In 1989, General Bearing defaulted and Nucor requested arbitration hearings. Upon General Bearing's refusal, Nucor filed a complaint in Superior Court, Mecklenburg County seeking to compel arbitration. The superior court ruled by order dated 31 August 1989 that the provision in the Agreement providing for arbitration of disputes arising under the Agreement was valid and enforceable and that Nucor was entitled to invoke the aid of the court to enforce such arbitration provision. The superior court ordered that arbitration commence in accordance with the provisions of the Arbitration Act and the court retained jurisdiction of the action to rule on any motions, including a motion to confirm the arbitration award, pursuant to N.C.G.S. § 1-567.12.

On 16 February 1990, the arbitration panel rendered a decision awarding Nucor $1,537,690 for the breach by General Bearing of its obligations to Nucor under the Agreement. The arbitration panel declined to award General Bearing any amount under its counterclaim and further declined to award either party attorneys' fees, noting that although the Stock Purchase Agreement provided for the recovery of legal fees under certain circumstances, the panel "believes that it has no authority to award legal fees." Nucor then filed a motion in the Superior Court, Mecklenburg County to confirm the arbitration panel's award and to award attorneys' fees pursuant to N.C.G.S. § 6-21.2. The superior court by Order dated 27 April 1990 affirmed the panel's award, and, in addition, awarded Nucor attorneys' fees of fifteen percent of the balance that General Bearing owed under the Agreement ($230,653.50), pursuant to N.C.G.S. § 6-21.2.

General Bearing appealed the additional award of attorneys' fees to the Court of Appeals which upheld the award in an opinion filed 16 July 1991. The Court of Appeals ruled that the trial court properly followed the statutory mandate of N.C.G.S. § 6-21.2(2) in awarding attorneys' fees to Nucor of fifteen percent of the outstanding balance owed by General Bearing under the Agreement. General Bearing filed a petition for discretionary review which was allowed by order of this Court on 5 December 1991.

I.

In General Bearing's first assignment of error it contends that the superior court violated North Carolina's Arbitration Act, specifically N.C.G.S. § 1-567.11, and public policy by awarding attorneys' fees. In its second assignment of error it also argues that

the superior court lacked the power to change the arbitrators' award by adding attorneys' fees not contained in the award. We agree with General Bearing on both assignments of error. The arbitration panel was correct in declining to award attorneys' fees, and in its observation that in this case "it has no authority to award legal fees."

The parties hereto agreed, within the Stock Purchase Agreement, to settle any dispute thereunder by arbitration. Section 23, captioned "Arbitration," provides in relevant part: "Upon the request of either Seller or Purchaser, a dispute arising in connection with this Agreement shall be submitted to arbitration. . . . Expenses of arbitration shall be divided equally between the parties. In the event of arbitration, the arbitrator(s) shall pass finally upon all questions, both of law and fact, and his (their) findings shall be conclusive." In so agreeing, to place any dispute into arbitration, the parties as well as the arbitration panel, were thence bound by the terms of "the agreement to arbitrate" and by the Uniform Arbitration Act codified in our statutes as N.C.G.S. Chapter 1, Article 45A.

Only one section within the Act refers to attorneys' fees, and that section provides: "Unless otherwise provided in *the agreement to arbitrate*, the arbitrators' expenses and fees, together with other expenses, *not including counsel fees*, incurred in the conduct of the arbitration, shall be paid as provided in the award." N.C.G.S. § 1-567.11 (1983) (emphasis added). The relevant statute within the Act thus specifically prohibits arbitrators from awarding attorneys' fees unless "the agreement to arbitrate" which compelled the parties to arbitration says otherwise.

[1] In this regard, Nucor understandably argues it is permissible and appropriate to go outside the arbitration section (23) to encompass the entire Stock Purchase Agreement for purposes of showing the "agreement to arbitrate" does provide otherwise and allows for an award of attorneys' fees, *albeit* pursuant to N.C.G.S. § 6-21.2 rather than the Arbitration Act. As above noted, the only mention of attorneys' fees in the entire Stock Purchase Agreement is under Section 9 which deals solely with indemnification of either party in the event of incurred liability or obligation to a third party. "In indemnity contracts the engagement is to make good and save another harmless from loss on some obligation which he has incurred or is about to incur to a third party . . . ." *Casualty Co.*

**NUCOR CORP. v. GENERAL BEARING CORP.**

[333 N.C. 148 (1992)]

*v. Waller,* 233 N.C. 536, 537, 64 S.E.2d 826, 827 (1951), *quoted in Dixie Container Corp. v. Dale,* 273 N.C. 624, 628, 160 S.E.2d 708, 711 (1968). We therefore cannot agree with Nucor that this sole reference to attorneys' fees, within the entire Stock Purchase Agreement, taken in its context, is sufficient to show that the parties' "agreement to arbitrate" does provide otherwise in negating the prohibition and exclusion of counsel fees contained in N.C.G.S. § 1-567.11.

Further, in this regard, we find that the Arbitration Act itself is most instructive on what properly constitutes "the agreement to arbitrate" in making the determination of whether the parties in fact otherwise agreed to *include* counsel fees incident to the arbitration in the award along with "other expenses." N.C.G.S. § 1-567.2(a) provides:

> Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may *include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract* or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable except with the consent of all the parties, without regard to the justiciable character of the controversy.

N.C.G.S. § 1-567.2(a) (1983) (emphasis added). *See Crutchley v. Crutchley,* 306 N.C. 518, 522, 293 S.E.2d 793, 796 (1982). The wording of this section of the Act, as emphasized, relates precisely to the circumstances in the case *sub judice* and further demonstrates that "the agreement to arbitrate" in this case does not include the entire Stock Purchase Agreement, but rather is confined to Section 23 thereof designated "Arbitration" which contains exclusively the provisions relating to arbitration. Section 23, while providing for equal division of "expenses of arbitration," contains no reference whatever to attorneys' fees. Thus, "the agreement to arbitrate," in the instant case, does not "otherwise provide" for the inclusion of counsel fees, and such fees are not therefore allowable in the award under the express wording of N.C.G.S. § 1-567.11 for legal work performed in an arbitration proceeding.

[2] The specific, uncomplicated language of N.C.G.S. § 1-567.11 clearly reflects the legislative intent that attorneys' fees are not to be awarded for work performed in arbitration proceedings, unless

the parties specifically agree to and provide for such fees in the arbitration agreement. There are important policy considerations supporting this determination not to allow attorneys' fees in arbitration proceedings, unless provided by the parties. These considerations are consistent with the principle legislative purpose behind enactment of the Uniform Arbitration Act: to provide and encourage an expedited, efficient, relatively uncomplicated, alternative means of dispute resolution, with limited judicial intervention or participation, and without the primary expense of litigation — attorneys' fees. *See Cyclone Roofing Co. v. LaFave Co.*, 312 N.C. 224, 236, 321 S.E.2d 872, 879 (1984); *McNeal v. Black*, 61 N.C. App. 305, 300 S.E.2d 575 (1983); *Thomas v. Howard*, 51 N.C. App. 350, 276 S.E.2d 743 (1981).

The reliance by Nucor, and heretofore our trial courts and the Court of Appeals, upon N.C.G.S. § 6-21.2 as authority for the proposition that attorneys' fees are awardable by the superior court for work performed in arbitration proceedings, when no agreement for such fees exists and such fees have not been allowed by the arbitrator in the award, is misplaced and is hereby disavowed. As above stated, such proposition is contrary to the specific wording of N.C.G.S. § 1-567.11 and to well settled principles of law including statutory construction. The law is well established in North Carolina that "the non-allowance of counsel fees has prevailed as the policy of this state at least since 1879" and a "successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such recovery is expressly authorized by statute." *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980); *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973). N.C.G.S. § 6-21.2 represents a substantial exception to that well-established rule. *Trust Co. v. Schneider*, 235 N.C. 446, 70 S.E.2d 578 (1952).

[3]   As an exception to the rule, N.C.G.S. § 6-21.2 generally relates to and concerns the subject of attorneys' fees for legal work performed in the collection of indebtedness under various contractual arrangements and, unlike N.C.G.S. § 1-567.11, does not specifically address or relate to the subject of arbitration or attorneys' fees for the resolution of contractual disputes through arbitration. The applicable rule of statutory construction here is that where one statute deals with a particular subject or situation in specific detail, while another statute deals with the subject in broad, general terms, the particular, specific statute will be construed as controlling,

absent a clear legislative intent to the contrary. *Merritt v. Edwards Ridge*, 323 N.C. 330, 337, 372 S.E.2d 559, 563 (1988). "Where one of two statutes might apply to the same situation, the statute which deals more directly and specifically with the situation controls over the statute of more general applicability." *Trustees of Rowan Tech. v. Hammond Assoc.*, 313 N.C. 230, 238, 328 S.E.2d 274, 279 (1985); *Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 151 S.E.2d 582 (1966).

[4] Since N.C.G.S. § 6-21.2 is a statute of general applicability while N.C.G.S. § 1-567.11 is a specific statute relating solely to arbitration, we hold that N.C.G.S. § 6-21.2 does not apply to arbitration proceedings. Thus, in arbitration proceedings, both the arbitrator or arbitration panel and the superior courts upon confirmation are limited to applying only N.C.G.S. § 1-567.11 in determining whether attorneys' fees should be or were properly awarded.

In addition to the foregoing principles, the Uniform Arbitration Act, which as enacted and codified in our statutory law is virtually a self-contained, self-sufficient code, further provides controlling limitations upon the authority of our courts to vacate, modify or correct an arbitration award. "G.S. §§ 1-567.13 and 1-567.14 provide the *exclusive* grounds and procedures for vacating, modifying, or correcting an award." *Crutchley v. Crutchley*, 306 N.C. 518, 523 n.2, 293 S.E.2d 793, 796 n.2 (emphasis added). N.C.G.S. § 1-567.12 provides: "Upon application of a party, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award, in which case the court shall proceed as provided in G.S. 1-567.13 and 1-567.14." N.C.G.S. § 1-567.12 (1983). N.C.G.S. § 1-567.14 (Modification or correction of award) provides in subsection (a) three specific instances where modification is allowed, none of which are applicable to attorneys' fees, and further provides in subsection (b): "If the application is granted, the court shall modify and correct the award *so as to effect its intent* and shall confirm the award as so modified and corrected. *Otherwise, the court shall confirm the award as made.*" N.C.G.S. § 1-567.14(b) (1983) (emphasis added).

[5] There is no provision or authority in this section or elsewhere in the Act allowing a court to increase an award by adding attorneys' fees not contained in the award. The superior court therefore erred in so doing in the instant case and such award must be reversed.

With regard to General Bearing's third and fourth assignments of error, since we have held that N.C.G.S. § 6-21.2 is not applicable in arbitration proceedings, we do not reach the issue of whether the Stock Purchase Agreement is an "evidence of indebtedness" thereunder, and we likewise do not reach the issue of reasonableness upon awarding attorneys' fees pursuant to N.C.G.S. § 6-21.2.

Accordingly, the decision of the Court of Appeals is

REVERSED.