LUCAS v. CITY OF CHARLOTTE

[123 N.C. App. 140 (1996)]

TERESA C. LUCAS, Plaintiff v. THE CITY OF CHARLOTTE, NORTH CAROLINA AND EDGAR CLIFFORD BAKER, Defendants

No. COA95-1072

(Filed 2 July 1996)

**Costs § 37 (NCI4th)— attorney's services prior to arbitration—award of fees proper**

The Uniform Arbitration Act does not forbid an award of attorney's fees for services provided by an attorney before the case is referred to binding arbitration.

**Am Jur 2d, Costs §§ 5, 58, 63, 64, 66-68.**

Appeal by defendants from order entered 13 July 1995 by Judge Robert P. Johnston in Mecklenburg County Superior Court. Heard in the Court of Appeals 21 May 1996.

*Dean & Gibson, by Michael G. Gibson and Michael J. Selle, for defendants-appellants.*

*Myers and Hulse, by William F. Hulse, for plaintiff-appellee.*

WYNN, Judge.

This appeal arises from an action by plaintiff Teresa Lucas alleging that defendant Edgar Clifford Baker, while acting within the scope of his employment with defendant City of Charlotte ("defendant"), negligently operated a motor vehicle causing personal injuries to her and damage to her car.

With the agreement of the parties, the Mecklenburg County Superior Court referred their dispute to binding arbitration which resulted in a $5,312 award to plaintiff for her damages. Plaintiff next requested payment of her attorney fees, but defendant refused.

Thereafter, plaintiff returned to superior court and moved for attorney's fees and interest. Superior Court Judge Robert P. Johnston granted that motion by awarding plaintiff $3,150. Defendant appeals to this Court.

The issue on appeal is whether the Uniform Arbitration Act (UAA) forbids an award of attorney's fees for services provided by an

attorney before the case is referred to binding arbitration. We hold that it does not, and therefore affirm the order of the trial judge.

The UAA applies to any agreement to arbitrate a dispute in North Carolina, unless preempted by the Federal Arbitration Act in a given case, *Bennish v. N.C. Dance Theater*, 108 N.C. App. 42, 44, 422 S.E.2d 335, 337 (1992), with certain exceptions not relevant here. N.C. Gen. Stat. § 1-567.2 (1983). N.C.G.S. § 1-567.11 is the only section of the UAA which refers to attorney's fees. *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 152, 423 S.E.2d 747, 749 (1992), *reh'g denied*, 333 N.C. 349, 426 S.E.2d 708 (1993).

In *Nucor*, our Supreme Court held that N.C.G.S. § 1-567.11 disallows attorney's fees for work performed in arbitration. *Id.* at 153-54, 423 S.E.2d at 750. Defendants contend that N.C.G.S. § 1-567.11 similarly forbids an award of attorney's fees under N.C. Gen. Stat. § 6-21.1 (1986) for services provided by an attorney before the case is referred to binding arbitration.

N.C.G.S. § 1-567.11 states: "Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award."

N.C.G.S. § 6-21.1 states in relevant part:

> In any personal injury or property damage suit . . . upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, *instituted in a court of record*, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee . . . .

*Id.* (emphasis supplied).

In construing N.C.G.S. § 6-21.1 and N.C.G.S. § 1-567.11 *in pari materia*, since both statutes deal with the same subject matter: Attorney's fees, *see Carver v. Carver*, 310 N.C. 669, 674, 314 S.E.2d 739, 742 (1984), we find the case of *Bass v. Goss*, 105 N.C. App. 242, 412 S.E.2d 145 (1992) instructive.

In *Bass*, the superior court referred plaintiff's personal injury claim to arbitration where she received an award of $2,559. *Id.* at 243, 412 S.E.2d at 145. Following confirmation of the arbitrator's award, the superior court denied plaintiff's motion for attorney's fees under

N.C.G.S. § 6-21.1 pending remand to the arbitrator. *Id.* On appeal this Court stated:

> While [the superior court judge's] order . . . is not clear as to whether plaintiff's motion for attorney's fees was denied or merely denied pending remand to the arbitrator, the appeal raises the question of whether the judge should award attorney's fees in this type of case as part of the costs. *We hold the judge has discretion whether to and in what amount to award attorney's fees in this type of case.*

> Insofar as [the superior court judge's] order denied the motion [for attorney's fees], it is reversed, and the cause is remanded to the Superior Court for entry of an order in accordance with G.S. 6-21.1.

*Id.* at 244, 412 S.E.2d at 146 (emphasis supplied).

*Bass* thus held that attorney's fees may be awarded under N.C.G.S. § 6-21.1 even in cases referred to arbitration. In a later opinion, our Supreme Court in *Nucor* expressly disavowed the "reliance by . . . the Court of Appeals, upon N.C.G.S. § 6-21.2 as authority for the proposition that attorneys's fees are awardable by the superior court for work *performed in* arbitration proceedings . . . ." *Nucor*, 333 N.C. at 154, 423 S.E.2d at 750 (emphasis supplied). Even assuming without deciding that the Supreme Court's limitation on attorney's fees under N.C.G.S. § 6-21.2 applies also to attorneys fees awarded under N.C.G.S. § 6-21.1, the *Nucor* decision, by implication, still permits the award of attorney fees under either section for work *performed outside* of the arbitration proceeding. In the instant case, the trial judge made the following relevant findings of fact:

> 1. The Plaintiff filed a personal injury Complaint against the Defendants on July 31, 1992, and in her prayer for relief prayed for attorney fees pursuant to N.C.G.S. § 6-21.1 . . . .

> 2. All parties agreed to submit this case to binding arbitration.

> 3. Former Superior Court Judge, Robert W. Kirby heard this case on January 12, 1995, and issued an arbitration award finding that the Plaintiff was injured and damaged as a result of the negligence of the Defendants, and that Plaintiff is entitled to recover Five Thousand Dollars ($5,000) for personal injuries and Three Hundred Twelve Dollars ($312) for property damage.

LUCAS v. CITY OF CHARLOTTE

[123 N.C. App. 140 (1996)]

4. Since the arbitration award was less than Ten Thousand Dollars ($10,000), Plaintiff's counsel requested Defendants to pay his attorney fees pursuant to N.C.G.S. § 6-21.1.

. . .

9. Plaintiff may be considered for the award of a reasonable attorney fee *up to the time of Judge Zoro G. Guice's Order of October 20, 1994, ordering the parties to submit to binding arbitration.*

(emphasis supplied).

Based on these findings of facts, the trial court concluded:

2. The Plaintiff is not entitled to attorney fees for legal services performed after the appointment of the arbitrator . . . .

Based on this conclusion of law, Judge Johnston ordered defendant to pay plaintiff's attorney's fees for services performed *before the case was referred to arbitration.* Since we find that N.C.G.S. § 1-567.11 has no application to work performed by an attorney before a case is referred to arbitration, we conclude that the trial court's award of attorney's fees under N.C.G.S. § 6-21.1 was proper in this case.

Defendant further contends that the trial court's holding impermissibly modified the arbitrator's decision. We disagree. The trial court did not award attorney's fees for any of the time spent arbitrating the case. As a result, the trial court award does not concern arbitration in any way, and does not affect the arbitrator's award. This assignment of error is without merit.

The decision of the trial court is,

Affirmed.

Judges EAGLES and SMITH concur.