PHC, INC., Plaintiff v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant

No. COA97-1118

(Filed 16 June 1998)

1. **Costs § 30 (NCI4th)— automobile accident—determination of amount of damage to vehicle—award of attorneys' fees**

   The trial court did not err by awarding plaintiff attorneys' fees in a claim arising from an automobile collision where the value of the vehicle destroyed was determined by an appraisal procedure set out in the insurance policy. Although defendant argues that the policy provision is an agreement to binding arbitration, so that attorneys' fees may not be awarded, the policy provision provides for an "appraisal" procedure, none of the persons determining the amount of the loss are referred to as arbitrators, the provisions of the Uniform Arbitration Act are not even obliquely mentioned, and the policy contains a reservation by the insurance company of the right to deny the claim even after submitting the amount of loss for appraisal. Despite language by the trial court, the procedure set out in the policy is not an arbitration and an award of attorneys' fees pursuant to N.C.G.S. § 6-21.1 is not barred.

2. **Costs § 30 (NCI4th)— automobile collision—determination of amount of damage to automobile—attorneys' fees**

   The trial court did not abuse its discretion by awarding plaintiff attorneys' fees under N.C.G.S. § 6-21.1 for an unwarranted refusal to pay in an action arising from an automobile collision where the parties determined the amount of damage to the vehicle through an appraisal procedure set forth in the policy.

PHC, INC. v. N.C. FARM BUREAU MUT. INS. CO.

[129 N.C. App. 801 (1998)]

Although defendant agreed at all times that it owed some amount for the property loss, it refused to pay the undisputed amount without a full release.

### 3. Appeal and Error § 362 (NCI4th)— prejudgment interest determined in interlocutory judgment—judgment not in notice of appeal—no appellate jurisdiction

The Court of Appeals did not have jurisdiction to review defendant's contention that the trial court erred by awarding prejudgment interest because the award was in an interlocutory judgment which was not designated in the notice of appeal. The Court of Appeals is without jurisdiction unless the notice of appeal designates the judgment or order from which the appeal is taken.

Appeal by defendant from amended final judgment and award of costs entered 9 July 1997 by Judge David Q. LaBarre in Durham County Superior Court. Heard in the Court of Appeals 29 April 1998.

Plaintiff owned a 1989 Ford E250 work van which was destroyed in an accident on 14 October 1994. An insurance policy issued by defendant provided both liability and property damage coverage on the Ford van. Plaintiff reported the accident to defendant on 21 October 1994. Defendant investigated the loss and attempted to negotiate a settlement with plaintiff. The parties could not agree on the amount of plaintiff's loss, and plaintiff filed a complaint on 28 December 1994, seeking damages for breach of contract, and unfair and deceptive trade practices against defendant. After filing an answer, defendant moved that the court require plaintiff to abide by the terms of the insurance contract which set out the terms of an appraisal procedure. On 3 May 1995, the trial court ordered that the value of the vehicle be determined by "arbitration" as set out in the insurance policy, but retained jurisdiction of the matter. Eventually, the parties complied with the appraisal procedure and an umpire's report was filed with the court setting the value of the Ford van at $7,300, less the applicable deductible. The umpire's report was confirmed by the trial court on 20 March 1997.

The case was heard before a jury during the April 1997 Session of Durham County Superior Court on the unfair and deceptive trade practices claim. The jury answered all issues in favor of the defendant. The trial court granted plaintiff's motion for attorneys' fees and for prejudgment interest. Thereafter, defendant appealed.

*Bugg & Wolf, P.A., by William J. Wolf, for plaintiff appellee.*

*Haywood, Denny & Miller, L.L.P., by Robert E. Levin, for defendant appellant.*

HORTON, Judge.

Defendant North Carolina Farm Bureau Insurance Company ("Insurance Company") contends the trial court erred in (I) awarding attorneys' fees to plaintiff, PHC, Inc., and (II) awarding prejudgment interest on the umpire's award.

I.

N.C. Gen. Stat. § 6-21.1 (1997) permits the trial court, in its discretion, to allow reasonable attorneys' fees to a litigant who (1) obtains a judgment for recovery of damages; (2) in the amount of $10,000 or less; (3) against an insurance company; (4) in a property damage suit; (5) where the insured is the plaintiff; (6) upon a finding by the court that there was an "unwarranted refusal" by defendant insurance company to pay the claim which is the basis for the suit. Defendant Insurance Company contends that under the facts of this case, plaintiff was not entitled to collect attorneys' fees in any amount. Further, defendant contends that in any event, there was no "unwarranted refusal" to pay the claim and the court erred in awarding attorneys' fees in any amount.

[1] The first issue on appeal is whether a trial court can award attorneys' fees to a plaintiff pursuant to N.C. Gen. Stat. § 6-21.1 (1997), where the provisions of an automobile insurance policy provide an appraisal procedure for determining the value of an insured plaintiff's collision loss to his vehicle, and the amount of loss to the vehicle is determined through that procedure. The question presented is one of first impression in this jurisdiction.

In the instant case, the pertinent insurance policy provides in part:

## APPRAISAL FOR PHYSICAL DAMAGE LOSS

If you and we disagree on the amount of "loss", either may demand an appraisal of the "loss". In this event, each party will select a competent appraiser. The two appraisers will select a competent and impartial umpire. The appraisers will state separately the actual cash value and amount of "loss". If they fail to

agree, they will submit their differences to the umpire. A decision, in writing, agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and

b. Bear the other expenses of the appraisal and umpire equally.

*If we submit to an appraisal, we will still retain our right to deny the claim.* (Emphasis added.)

Defendant argues the quoted provision is an agreement to binding arbitration, so that the provisions of N.C. Gen. Stat. § 1-567.1 (1996), *et seq.*, (Uniform Arbitration Act) apply. Our Supreme Court has already concluded that N.C. Gen. Stat. § 1-567.11 does not allow attorneys' fees to be awarded for work performed in arbitration proceedings, unless the parties specifically agree to and provide for such fees in the arbitration agreement and the fees are included in the arbitrator's award. *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 153-54, 423 S.E.2d 747, 750 (1992), *reh'g denied*, 333 N.C. 349, 426 S.E.2d 708 (1993). Fees may be awarded to an attorney for services provided by that attorney *before* the case is ordered to binding arbitration. *Lucas v. City of Charlotte*, 123 N.C. App. 140, 140-41, 472 S.E.2d 203, 204 (1996).

However, the instant case is not one involving the Uniform Arbitration Act. The policy provision quoted above provides for an "appraisal" procedure if the parties cannot agree on the amount of physical damage loss. None of the persons determining the amount of the loss are referred to as arbitrators, nor are the provisions of the Uniform Arbitration Act even obliquely mentioned. Most persuasive is the reservation by the Insurance Company of the right to deny the claim even after submitting the amount of loss for appraisal. The appraisal provisions of the insurance policy merely provide a mechanism whereby the parties can rapidly and inexpensively determine the amount of property loss without resorting to court process. We also note, by way of contrast, that the "North Carolina Uninsured Motorists Coverage" endorsement to the pertinent insurance policy contains a specific provision entitled "**ARBITRATION**," which sets out an arbitration procedure and provides that "[l]ocal rules of law as to arbitration procedure and evidence will apply."

We further note that in *Nucor*, the Stock Purchase Agreement there in dispute "provided for the submission to arbitration of any dispute arising in connection with the Agreement." *Nucor*, 333 N.C. at

150, 423 S.E.2d at 748. In *Lucas*, the Mecklenburg County Superior Court referred the matters of plaintiff's personal injuries and property damage to arbitration with the consent of the parties. *Lucas*, 123 N.C. App. at 140, 472 S.E.2d at 203.

In the case *sub judice*, the matter of plaintiff's property damage was submitted to non-binding arbitration pursuant to N.C. Gen. Stat. § 7A-37.1 (1995) and an award was made by an arbitrator on 11 April 1995 with defendant Insurance Company appealing from that award. On motion of defendant to compel "arbitration" on the amount of plaintiff's property loss, the trial court then entered an order on 3 May 1995 granting defendant's motion, and providing that the "procedure to be followed for the arbitration is as set forth in the policy of insurance." Despite the language of the trial court, the procedure set out in the policy of insurance is not arbitration within the meaning of the Uniform Arbitration Act and an award of attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.1 is not barred by the trial court's inadvertent reference to arbitration.

[2] The next question is whether there was an "unwarranted refusal to pay" within the meaning of N.C. Gen. Stat. § 6-21.1. Defendant makes a persuasive argument that this suit was filed a little more than two months after the damage to plaintiff's automobile, that negotiations were ongoing at that time between plaintiff and defendant, and that defendant's offers were relatively close to the amount eventually awarded to plaintiff for its property damage. The important distinction is that, although defendant agreed at all times that it owed plaintiff some amount for its property loss, defendant refused to "pay" any amount without receiving a release from liability and the title to plaintiff's vehicle. In order to receive "payment," plaintiff would have to accept an amount it believed was less than its loss. Although defendant made offers from time to time, one of which was only some $600 from the amount finally awarded plaintiff, defendant refused to pay the undisputed amount of plaintiff's loss without a full release.

N.C. Gen. Stat. § 6-21.1 is remedial legislation which allows an insured to employ counsel to bring suit to recover relatively small damages. Without the assistance of the statute, many insureds suffering loss would be unable to afford the costs of litigation, particularly attorneys' fees. *Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E.2d 40, 42 (1973). The award of attorneys' fees under N.C. Gen. Stat. § 6-21.1 is in the discretion of the trial judge and will be reversed only upon a showing of abuse of discretion. *Hillman v. United States Liability*

*Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E.2d 302, 309 (1982), *disc. review denied*, 307 N.C. 468, 299 S.E.2d 221 (1983).

Under the circumstances of this case, we hold that defendant's refusal to pay at least the undisputed amount of loss to plaintiff was unwarranted, and the trial court properly awarded attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.1. We also note that by stipulation of the parties, the "amount and reasonableness of the attorneys' fees and costs awarded by the Court" are not before us.

II.

[3] N.C. Gen. Stat. § 24-5 (1991) provides that a judgment for breach of contract bears interest from the date of breach of the underlying contract. Defendant contends the trial court erred in awarding prejudgment interest in this case, since the umpire's award, which was confirmed by the trial court, did not include prejudgment interest. Again, defendant confuses this appraisal procedure with arbitration under the Uniform Arbitration Act.

During the trial of this matter, the parties stipulated in open court that "issues relating to prejudgment interest would be decided by the Court rather than by the Jury[.]" The trial court awarded plaintiff prejudgment interest in its 28 April 1997 interlocutory judgment. However, defendant has waived its right to complain about the award of interest in this case since it did not designate the interlocutory judgment in its notice of appeal. The notice of appeal must "designate the judgment or order from which [the] appeal is taken; [and] this Court is not vested with jurisdiction unless the requirements of this rule are satisfied." *Boger v. Gatton*, 123 N.C. App. 635, 637, 473 S.E.2d 672, 675, *disc. review denied*, 344 N.C. 733, 478 S.E.2d 3 (1996). Therefore, this Court does not have jurisdiction to review that judgment.

However, in the interests of justice and pursuant to N.C.R. App. P. 21, we have carefully considered defendant's arguments. In arguments before the trial court, defendant's counsel stated that "[r]egarding the interest, I'll let the Court decide that[.] [I]t would appear to me that they're entitled to interest from the date of filing." N.C. Gen. Stat. § 24-5 (1991) allows plaintiff to recover interest from the date of breach of the insurance contract. The trial court found the date of breach to be 14 December 1994 and awarded interest from that date. Defendant's assignments of error relating to the award of prejudgment interest are without merit.

For the foregoing reasons, the judgment of the trial court is

Affirmed.

Judges GREENE and LEWIS concur.