DENISE VANHOY, Plaintiff v. DUNCAN CONTRACTORS, INC., Defendant

AND

DUNCAN CONTRACTORS, INC., Plaintiff v. DENISE VANHOY, Defendant

No. COA01-1464

(Filed 1 October 2002)

**Arbitration and Mediation— attorney fees—no authority to modify award**

> The trial court properly vacated a modified arbitrator's award of attorney fees and reinstated the original award because the arbitrator was without authority under N.C.G.S. § 1-567.10 to modify the original award to include attorney fees. This modification did not constitute a clarification of the original award and the failure to include attorney fees in the original award did not constitute a mistake subject to correction.

Appeal by Plaintiff from order entered 19 September 2001 by Judge Clarence E. Horton, Jr., Superior Court, Cabarrus County. Heard in the Court of Appeals 10 September 2002.

> *Richard H. Robertson, for plaintiff-appellant, C. Denise Vanhoy.*
>
> *Jones, Hewson & Woolard, by Lawrence J. Goldman and Griffin & Brunson, L.L.P., by Scott I. Perle, for defendant-appellee, Duncan Contractors, Inc.*

WYNN, Judge.

Under the Uniform Arbitration Act, there is no authority for an arbitrator or court to award attorney's fees after an original award is made. N.C. Gen. Stat. § 1-567.10; § 1-567.13(a); § 1-567.14; *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 423 S.E.2d 747 (1992). In this case, the arbitrator issued an award on 6 April 2001 providing that each party would be responsible for its own attorney fees; thereafter on 17 May 2001, the arbitrator issued a modified award granting Plaintiff $30,000 in attorney's fees. Because the Uniform Arbitration Act does not grant an arbitrator the authority to modify an existing award to provide for attorney's fees, we uphold Superior Court Judge Clarence Horton's order vacating the modified award.

The facts pertinent to the resolution of this appeal are that on 6 April 2001, an arbitrator issued an award in favor of plaintiff but concluded that "each party is responsible for their own attorney's fees."

However, the construction contract underlying the arbitrated dispute provided that the prevailing party in an arbitration proceeding would be entitled to attorney's fees.

15. Arbitration of Disputes. . . . The party against whom the award is rendered shall pay the cost and expense of the arbitration, including without limitation any filing fees paid by the other party and the other party's attorney's fees and costs as set forth below.

. . .

18. Attorney's Fees. Should either party employ an attorney to institute suit or demand arbitration to enforce any of the provisions hereof, to protect its interest in any matter arising under this agreement, . . . the prevailing party shall be entitled to recover reasonable attorney's fees, cost, charges, and expenses expended or incurred therein.

Thus, following the issuance of the original award, plaintiff requested the arbitrator modify the award to correct "clerical, typographical, technical or computational errors." In response, on 17 May 2001, the arbitrator issued a modified award granting plaintiff $30,000 in attorney's fees. From the trial court's order vacating the arbitrator's modified award and confirming the original award, plaintiff appeals.

On appeal, plaintiff contends that because "arbitrators have the same powers as the court to modify or correct an award which is inconsistent with the parties' contract", the trial court erred by holding that the arbitrator did not have the authority to modify the original award to grant attorney's fees as provided for under the parties' contract. We disagree.

N.C. Gen. Stat. § 1-567.10 (2001) permits an arbitrator upon the application of a party to modify or correct an arbitration award for the purpose of clarifying the arbitration award, or upon the grounds stated in subdivisions (1) and (3) of subsection (a) of G.S. 1-567.14:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

In this case, the modification of the original award to add a grant of attorney's fees did not constitute a clarification of the original award.

Moreover, the arbitrator's failure to include attorney's fees in the original award did not constitute a mistake subject to modification under either subdivisions (1) or (3) of G.S. 1-567.14(a). Indeed, the arbitrator's decision not to include attorney's fees in the original award in this case[1] is best summed as follows:

> If an arbitrator makes a mistake, either as to law or fact, it is a misfortune of the party, and there is no help for it. There is no right of appeal and the Court has no power to revise the decisions of "judges who are of the parties' own choosing." An award is intended to settle the matter in controversy, and thus save the expense of litigation. If a mistake be a sufficient ground for setting aside an award, it opens a door for coming into court in almost every case; for in nine cases out of ten some mistake either of law or fact, may be suggested by the dissatisfied party. Thus *** arbitration, instead of ending would tend to increase litigation.

*Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 41 N.C. App. 407, 415, 255 S.E.2d 414, 420 (1979) (quoting *Poe & Sons, Inc. v. University*, 248 N.C. 617, 625, 104 S.E.2d 189, 195 (1958)).

We conclude that the arbitrator's failure to include attorney's fees in the original arbitration award did not constitute a ground for modification or vacatur under the Uniform Arbitration Act. Accordingly, Judge Horton properly vacated the modified award and confirmed the original award on the grounds that the arbitrator was without authority, under N.C. Gen. Stat. § 1-567.10, to modify his original award to include attorney's fees.

Affirmed.

Judges GREENE and BIGGS concur.

---

1. Defendant argues that *Nucor Corp. v. General Bearing Corp.*, 333 N.C. 148, 423 S.E.2d 747 (1992) "indicates the arbitrator could not have awarded attorney fees even if they were included in the original award." However, N.C. Gen. Stat. § 1-567.11 provides "*unless otherwise provided in the agreement to arbitrate*, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." (emphasis added). Therefore, unless the parties "specifically agree to and provide for such fees in the arbitration agreement, attorney fees may not be awarded in an arbitration award." *Nucor Corp. v. General Bearing Corp.*, 333 N.C. App. 148, 153, 423 S.E.2d 747, 750 (1992). Thus, by implication, where parties specifically agree to the provision of attorneys fees in an arbitration agreement, an arbitrator may award such fees in an arbitration award.