CHARLES I. TAYLOR, PLAINTIFF v. CENTURA BANK, DEFENDANT

No. COA95-1262

(Filed 3 December 1996)

**Banks and Other Financial Institutions § 41 (NCI4th); Injunctions § 36 (NCI4th)— checking account—temporary restraining order—expiration—continued freeze on funds—liability of bank**

A temporary restraining order prohibiting defendant bank from disbursing any funds to plaintiff from his checking account expired, by operation of law under N.C.G.S. § 1A-1, Rule 65(d), after ten days, and defendant bank thus had no authority to continue to freeze plaintiff's funds after ten days had passed, where no hearing was ever held to determine the propriety of a preliminary injunction and no order was ever issued extending the temporary restraining order or creating a permanent injunction. Therefore, the trial court erred by granting summary judgment for defendant bank on plaintiff's claims for negligence, breach of contract, and conversion.

**Am Jur 2d, Banks § 493.**

TAYLOR v. CENTURA BANK

[124 N.C. App. 661 (1996)]

Appeal by plaintiff from order entered 12 July 1995 by Judge Dexter Brooks in Nash County Superior Court. Heard in the Court of Appeals 26 August 1996.

*Brett A. Hubbard for plaintiff-appellant.*

*Poyner & Spruill, L.L.P., by Randall R. Adams, for defendant-appellee.*

PER CURIAM

On 18 September 1989, Judge George M. Britt issued a temporary restraining order ("TRO") prohibiting Peoples Bank and Trust Company (now defendant Centura Bank) from disbursing any funds to plaintiff Charles I. Taylor from his checking account, in connection with a divorce action (89 CVD 1296) brought by plaintiff's wife (now ex-wife) in Nash County District Court. Defendant was served with the order on or about 18 September 1989 and subsequently froze all funds in plaintiff's account.

The TRO provided, in pertinent part:

Peoples Bank and any other lending institutions in which the [plaintiff] has funds in the State of North Carolina are restrained from releasing to the [plaintiff] and/or his agents any funds from any accounts he may have with said institutions, until a hearing can be had in this matter.

. . .

It is further ORDERED that the [plaintiff] shall appear before the Judge of the District Court of Nash County, Nash County Courthouse, Nashville, North Carolina on 9-26-89, at 9:30 a.m. to show cause, if any, why this Temporary Restraining Order should not be continued as a Preliminary Injunction.

The hearing set in the TRO for 26 September 1989 was never held and no preliminary injunction was ever issued against plaintiff's bank account.

On 28 September 1992, plaintiff filed this action against defendant asserting claims for wrongful dishonor, negligence, breach of contract and conversion. Defendant answered and moved for summary judgment. On 5 August 1994, Judge Quentin T. Sumner granted defendant's motion only as to the claim for wrongful dishonor. The remaining claims came on for trial on 10 July 1995 in Nash County

**TAYLOR v. CENTURA BANK**

[124 N.C. App. 661 (1996)]

Superior Court, Judge Dexter Brooks presiding. Defendant again moved for summary judgment, and plaintiff stipulated that the issue of the validity of the temporary restraining order was properly before the court for a summary judgment determination. On 12 July 1995, Judge Brooks entered an order granting summary judgment for defendant on the remaining claims. Plaintiff appeals from this order.

Plaintiff's sole argument on appeal is that the trial court's 12 July 1995 summary judgment order was error because that ruling was based on the erroneous conclusion that the TRO remained in effect until the case in which it was issued was dismissed.

All TROs must be obtained pursuant to N.C.R. Civ. P. 65. *See* N.C. Gen. Stat. § 1A-1, Rule 65 (1990). Like most, this one was obtained without notice to any party or Centura Bank. In the TRO, the date and time were set for a hearing to determine the propriety of a preliminary injunction to last for a longer period. However, no hearing was ever held and no order ever issued either extending the TRO or creating a permanent injunction.

Rule 65(b) clearly limits every TRO to a maximum of 10 days. Since the order expired, by operation of law, after ten days, *see Lambe v. Smith*, 11 N.C. App. 580, 582-83, 181 S.E.2d 783, 784 (1971), defendant had no legal authority to continue to freeze plaintiff's funds after ten days had passed.

Thus, the trial court's 12 July 1995 order granting summary judgment for defendant was error.

Reversed and remanded.

Panel consisting of:

Judges Johnson, Lewis, and Wynn

Judge Johnson participated in this opinion prior to his retirement on 1 December 1996.