ELIZABETH P. LAMBE v. NEAL SMITH AND WIFE, MAGGIE SMITH

No. 7119SC230

(Filed 23 June 1971)

1. Appeal and Error § 41— statement of evidence — question and answer form

Although appellant's statement of the evidence was in question and answer form rather than in narrative form, the Court of Appeals in its discretion considered the appellant's appeal on its merits. Rule of Practice 19(d).

2. Rules of Civil Procedure § 65— temporary restraining order — preliminary injunction — notice and hearing

A temporary restraining order may be issued without notice; a preliminary injunction may only be issued after notice to the adverse party and a hearing. G.S. 1A-1, Rule 65(a) and (b).

3. Rules of Civil Procedure § 65— preliminary injunction — interference with plaintiff's water supply

Plaintiff who sought a preliminary injunction to keep defendants from interfering with her right to use water from a well located on defendants' land failed to show that the trial court abused its discretion in denying the preliminary injunction.

APPEAL by plaintiff from *Long, Judge,* 29 October 1970 Civil Session of Superior Court held in RANDOLPH County.

In her verified complaint plaintiff alleges that in 1967 she purchased a tract of land from defendants. The deed granted an easement in these words:

> "The grantors do give, grant and convey herewith to the said Elizabeth P. Lambe a right and easement to use the well on the grantors' property, limited to such period of time as the said Elizabeth P. Lambe, individually, lives on the property herein described."

Plaintiff and defendant Neal Smith dug a ditch and installed a pipe from the well to plaintiff's residence, a mobile home, to convey water. Plaintiff used the water from the well without interference until 20 March 1969 when defendants cut it off for a short time. The water was again cut off in April of 1970 but again was restored and remained so until 13 October 1970 when defendant Neal Smith cut the water off and refused to cut it back on.

Plaintiff sought a permanent injunction to keep defendants from interfering with her right to use water from the well, a temporary restraining order to prevent interference with her right to use the well pending a final hearing, for $2,000 in damages, and asked for a jury trial.

A temporary restraining order was issued without notice under G.S. 1A-1, Rule 65(b), on 14 October 1970 by Judge McConnell, restraining defendants for 10 days *from interfering in any way with plaintiff's right to use the well.* After the temporary restraining order was issued, the pipe extending from the well to plaintiff's residence was reconnected by the defendants. In Judge McConnell's order the parties were ordered to appear before Judge Long at the 19 October 1970 Civil Session of Randolph County Superior Court at 10:00 a.m. "to show cause, if any, why this order should not be continued until the final determination of this action by the issuance of a preliminary injunction under Rule 65(a) of the NCRCP."

After the hearing on plaintiff's motion for a preliminary injunction, Judge Long found facts and entered an order dismissing the temporary restraining order and refusing to issue

a preliminary injunction. From the entering of this order, plaintiff appealed to the Court of Appeals.

*Ottway Burton for plaintiff appellant.*

*Charles H. Dorsett for defendant appellees.*

MALLARD, Chief Judge.

[1] Defendant's motion to dismiss this appeal on the grounds that the evidence in the record on appeal is presented in question and answer form rather than by narrative is denied. This court, in its discretion under Rule 19(d) of the Rules of Practice in the Court of Appeals, heard the appeal and considered the matter on its merits.

[2] Under G.S. 1A-1, Rule 65(a) and (b), a distinction is made between a "temporary restraining order" and a "preliminary injunction." The former may be issued without notice under the detailed procedural provisions set forth in Rule 65(b), but the latter may only be issued after notice to the adverse party and a hearing. Both, however, serve the same function as explained in 7 Moore's Federal Practice, § 65.05 (2d Ed. 1970):

> " * * * The ex parte restraining order is * * * subject to definite time limitations, and is to preserve the status quo until the motion for a preliminary injunction can, after notice, be brought on for hearing and decision.

> A preliminary or interlocutory injunction, on the other hand, can only be issued after notice and a hearing, which affords the adverse party an opportunity to present evidence in his behalf; and usually is not for a fixed, limited period of time, since ordinarily its purpose is to preserve the status quo until the issues are adjudged after a final hearing."

It is interesting to note that the 10-day temporary restraining order was signed by Judge McConnell on 14 October 1970 and expired on 24 October 1970. There is nothing in the record extending the order under Rule 65(b), and yet on 29 October 1970 Judge Long signed an order which decreed "(t)hat the temporary restraining order heretofore granted by the Honorable John D. McConnell, on the 14th day of October, 1970, is dismissed." This dismissal had no effect since the temporary re-

straining order of 14 October 1970 was defunct after the 10-day period.

[3]   The decision of the trial judge to grant or deny a preliminary injunction rests in his sound judgment and discretion. *Lance v. Cogdill,* 238 N.C. 500, 78 S.E. 2d 319 (1953); *Branch v. Board of Education,* 230 N.C. 505, 53 S.E. 2d 455 (1949); *Register v. Griffin,* 6 N.C. App. 572, 170 S.E. 2d 520 (1969); *Holzer v. U.S.,* 244 F. 2d 562 (8th Cir. 1957); 3 Barron & Holtzoff, Federal Practice & Procedure, § 1433 (Wright Ed. 1958); 7 Moore's Federal Practice, § 65.18(3) (2d Ed. 1970). Plaintiff has not shown an abuse of discretion in the denial of the issuance of a preliminary injunction. We hold that prejudicial error has not been made to appear in this case.

Affirmed.

Judges PARKER and VAUGHN concur.