HANNAH S. JOLLIFF AND W. SAVAGE JOLLIFF v. CORTEZ WINSLOW

No. 741DC668

(Filed 4 December 1974)

1. Injunctions § 12; Rules of Civil Procedure § 65— statute permitting temporary restraining order — constitutionality

Provisions of G.S. 1A-1, Rule 65(b), permitting the entry of a temporary restraining order without notice to the adverse party do not violate the equal protection and due process clauses of the State and Federal Constitutions.

2. Injunctions § 12— statute permitting preliminary injunction — constitutionality

The statute authorizing preliminary injunctions, G.S. 1-485, is not unconstitutional.

APPEAL by defendant from *Horner, District Court Judge,* 8 April 1974 Session of District Court held in PERQUIMANS County. Argued before the Court of Appeals 14 November 1974.

On 1 April 1974 plaintiffs filed a complaint alleging that they have interests in certain lands separated from a highway by defendant's land; that they own an easement across defendant's land to the highway; that defendant has obstructed the easement; and that plaintiffs need the use of the easement to manage and enjoy their land. The complaint contains a prayer for an order declaring plaintiffs to be owners of an easement by prescription, and an injunction directing defendant to remove the obstructions from the easement. On 1 April 1974 a temporary restraining order was entered, enjoining defendant from obstructing the easement. Defendant subsequently excepted and moved to dissolve the temporary restraining order.

After a hearing on 8 April 1974, Judge Horner found facts favorable to plaintiffs, granted plaintiffs a preliminary injunction, and denied defendant's motion to dissolve. Defendant appealed the entry of the temporary restraining order and the denial of the motion to dissolve to this Court on 18 April 1974. On 30 April 1974 defendant, after being served with the order of 8 April 1974 and preliminary injunction, gave notice of appeal to this Court.

*James R. Walker, Jr., for the defendant-appellant.*

*No counsel contra.*

BROCK, Chief Judge.

By way of five assignments of error, defendant essentially advances two arguments: first, that G.S. 1A-1, Rule 65(b) of the North Carolina Rules of Civil Procedure violates the equal protection and due process clauses of the State and Federal Constitutions, and, second, that G.S. 1-485, authorizing preliminary injunctions, is unconstitutional because it too violates those provisions of the State and Federal Constitutions.

[1]   Rule 65(b) of the North Carolina Rules of Civil Procedure permits the issuance of temporary restraining orders "without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon." Because a temporary restraining order is an immediate remedy, Rule 65 carefully sets forth several protections designed to check the extent of use of the remedy.

Defendant contends that Rule 65(b) is unconstitutional because it permits the invasion of property rights upon a showing of "possible injury, loss, or damage" and because it authorizes the entry of a temporary restraining order without notice to the adverse party.

A temporary restraining order is not predicated upon illusory injury, loss, or damage, as is stated by defendant, but is entered only upon a showing of immediate and irreparable injury, loss, or damage. Because it is an *ex parte* injunction, a temporary restraining order, by its nature, necessarily issues upon plaintiff's evidence either by affidavit or by verified complaint. Such an order is to be entered only when plaintiff

Jolliff v. Winslow

can "show a need for relief so compelling that there is no time for notice and hearing." Dobbs on Remedies, § 2.10 (1973).

We see nothing unconstitutional about a rule that permits the issuance of a temporary restraining order. The entry of such an order does not determine the respective rights of the parties but preserves the status quo until a motion for a preliminary injunction can, after notice, be heard, affording the parties a full and fair investigation and determination according to strict legal proofs and the principles of equity. Defendant's first argument is without merit.

[2]   Defendant argues that G.S. 1-485, authorizing the issuance of a preliminary injunction, is also void and unconstitutional on its face and as it is applied. A preliminary injunction, unlike a temporary restraining order, requires notice to the adverse party and a hearing. G.S. 1A-1, Rule 65 N.C. R. Civ. P.; *Lambe v. Smith,* 11 N.C. App. 580, 181 S.E. 2d 783. The preliminary injunction "serves as an equitable policing measure to prevent the parties from harming one another during the litigation; to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began." *Hamilton Watch Co. v. Benrus Watch Co.,* 206 F. 2d 738, 742 (2d Cir. 1953). *See generally* Dobbs on Remedies, § 2.10 (1973). We fail to see how G.S. 1-485, authorizing preliminary injunctions, is unconstitutional. Defendant's second argument is without merit.

A preliminary mandatory injunction may be issued when an easement into one's property has been obstructed. *Leaksville Woolen Mills v. Land Company,* 183 N.C. 511, 112 S.E. 24. In the case at bar, the trial judge heard evidence before issuing the preliminary injunction. Defendant has not preserved this evidence in the record on appeal; consequently, we must presume that the evidence supported the findings and rendered the findings conclusive. *In Re Reassignment of Albright,* 278 N.C. 664, 180 S.E. 2d 798.

Affirmed.

Judges CAMPBELL and HEDRICK concur.