HILDA H. MUSTEN V. FRED H. MUSTEN

No. 7721DC600

(Filed 6 June 1978)

**Injunctions § 7; Divorce and Alimony § 18.14— ordering defendant to vacate property—order improper**

In an action for divorce from bed and board where plaintiff requested that she be awarded the residence in which the parties had lived, claiming that the property belonged to her, the trial court erred in ordering defendant to vacate the property, since the property could not have been awarded to plaintiff as alimony *pendente lite*, the court not having found that plaintiff was a dependent spouse; an injunction ordering defendant to vacate the premises did more than maintain the status quo; and the awarding of the property to plaintiff prior to establishing title was improper.

APPEAL by defendant from *Harrill, Judge.* Order entered 23 May 1977 in District Court, FORSYTH County. Heard in the Court of Appeals 25 April 1978.

This is an appeal by the defendant-husband from an order requiring him to vacate premises which had been occupied by him and the plaintiff, his wife, as their home. The plaintiff and defendant were married on 30 October 1964.

On 10 March 1977, the plaintiff filed an action against the defendant in which she alleged that the parties had separated, and that the defendant had done certain things which amounted to an abandonment of the plaintiff. She also alleged that she owned the residence in which the parties had lived and the defendant had refused to vacate the premises. In her prayer for relief, the plaintiff asked for a divorce from bed and board and that she be awarded exclusive possession of the property. In his answer, the defendant contended he was entitled to have a constructive trust in the property on account of advances he had made for its purchase.

After a hearing on 18 March 1977, and before the case was tried, the district court ordered the defendant to vacate the property. Defendant has appealed.

*W. Warren Sparrow, for plaintiff appellee.*

*A. Carl Penney, for defendant appellant.*

WEBB, Judge.

We hold that the order of the district court be reversed.

At the outset, we hold that the order requiring the defendant to vacate the premises affects a substantial right and is appealable to this Court. G.S. 7A-27(d)(1). *See Peeler v. Peeler*, 7 N.C. App. 456, 172 S.E. 2d 915 (1970).

It appears that in her complaint the plaintiff has stated a claim for divorce from bed and board. It also appears that in the same count she may have stated a claim alleging that she has title to the real property in question and is entitled to possession of it. This would be a suit in ejectment. *Poultry Co. v. Oil Co.*, 272 N.C. 16, 157 S.E. 2d 693 (1967). Rule 10(b) of the Rules of Civil Procedure requires that claims founded upon separate transactions be stated in separate counts. Although the plaintiff has violated this rule, we shall pass on this appeal as if the two separate claims were properly pleaded.

If the order giving the plaintiff possession of the property was entered as an award of alimony *pendente lite* in the claim for divorce from bed and board, this was error. There was not a finding of fact in the order that the plaintiff was a dependent spouse. It is the law that absent this finding of fact, alimony *pendente lite* may not be awarded. *See* G.S. 50-16.3, and *Sprinkle v. Sprinkle*, 17 N.C. App. 175, 193 S.E. 2d 468 (1972); *Little v. Little*, 18 N.C. App. 311, 196 S.E. 2d 562 (1973), and *Hampton v. Hampton*, 29 N.C. App. 342, 224 S.E. 2d 197 (1976).

If the order giving the plaintiff possession of the real property were entered in the suit in ejectment, this is also error. If the court had any power to enter the order requiring the defendant to vacate the premises it would be under G.S. 1-485, which provides:

> "A preliminary injunction may be issued by order in accordance with the provisions of this Article. The order may be made by any judge of the superior court or any judge of the district court authorized to hear in-chambers matters in the following cases, . . .
>
> (1) When it appears by the complaint that the plaintiff is entitled to the relief demanded, and this relief, or any part thereof, consists in restraining the commission or contin-

uance of some act the commission or continuance of which, during the litigation, would produce injury to the plaintiff; or,

(2) When, during the litigation, it appears by affidavit that a party thereto is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party to the litigation respecting the subject of the action, and tending to render the judgment ineffectual; or,

(3) When, during the pendency of an action, it appears by affidavit of any person that the defendant threatens or is about to remove or dispose of his property, with intent to defraud the plaintiff."

A preliminary injunction issued pursuant to G.S. 1-485 "serves as an equitable policing measure to prevent the parties from harming one another during the litigation; to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began." *Jolliff v. Winslow,* 24 N.C. App. 107, 210 S.E. 2d 221 (1974), *appeal dismissed,* 286 N.C. 545, 212 S.E. 2d 656 (1975). In this case, the order requiring the defendant to vacate the premises does more than maintain the status quo. An injunction does not ordinarily lie in a suit to try the title to land and we hold it was improvidently entered in this case. *See Armstrong v. Armstrong,* 230 N.C. 201, 52 S.E. 2d 362 (1949) and 47 N.C. L. Rev. 359 et seq.

The plaintiff relies on *Taylor v. Taylor,* 112 N.C. 134, 16 S.E. 1019 (1893). In that case, the plaintiff had procured a divorce *a mensa et thoro* against her husband. She then brought an action against him for possession of land which she owned. She was awarded the possession. In this case, the plaintiff is asking for possession before the title to the land is established.

We note that the provisions of G.S. 1-111 and G.S. 1-112 should prevent the plaintiff from suffering irreparable injury during the pendency of a suit in ejectment. We also note that the record does not disclose that the defendant has filed a bond pursuant to G.S. 1-111. It may be that the plaintiff will want to amend her complaint to allege a suit for ejectment in a separate

count. The district court may rule as to whether it is the proper forum to try the suit in ejectment pursuant to G.S. 7A-243(3).

Reversed.

Judges PARKER and VAUGHN concur.