CARL DEAN BOGER AND WIFE, MARTHA S. BOGER, AND O. L. STROUD, AND WIFE, PAULINE JOHNSON STROUD, PLAINTIFFS v. JOHN GATTON, JR. AND WIFE, MARY ANN GATTON, DEFENDANTS

No. COA95-806

(Filed 20 August 1996)

**Easements §§ 32, 37 (NCI4th)— prescriptive easement— permissive use—identity of easement—insufficiency of evidence**

In an action for declaration of a prescriptive easement, the trial court erred in denying defendant's motion for JNOV where plaintiffs failed to rebut the presumption that use was permissive; there was thus insufficient evidence of adverse use to support the jury verdict; and plaintiffs' evidence of substantial identity was also insufficient to submit to the jury.

**Am Jur 2d, Easements and Licenses §§ 45, 59.**

**Acquisition of right of way by prescription as affected by change of location or deviation during prescriptive period. 80 ALR2d 1095.**

Appeal by defendant Mary Ann Gatton from order entered 28 December 1994 by Judge W. Steven Allen, Sr. in Iredell County Superior Court. Heard in the Court of Appeals 26 March 1996.

*Franklin Smith for plaintiffs-appellees.*

*Eisele & Ashburn, P.A., by Douglas G. Eisele, for defendant-appellant Mary Ann Gatton.*

LEWIS, Judge.

In this appeal, defendant Mary Ann Gatton seeks to overturn a jury determination that plaintiffs have a prescriptive easement over her property.

Evidence of the following chain of events was presented at trial. Plaintiffs own a 112 acre farm that lies approximately one-half mile off of Highway 901 near Harmony in Iredell County. At the time this action was filed, defendants John Gatton, Jr. (now deceased) and his wife, Mary Ann Gatton, owned a five acre tract adjoining Highway 901 and other interior tracts that lie between the five acre tract and plaintiffs' farm. John Gatton, Jr. died on 27 July 1994, prior to trial.

In 1945, James Edgar Johnson ("Ed Johnson"), plaintiffs' predecessor in title, built a farm road that led from the present 112 acre farm to Highway 901 and crossed the five acre tract now owned by defendant. At the time, Sollie Stroud owned the land over which this road was built, including the five acre tract now owned by defendant. Ed Johnson's son, James Edgar Johnson, Jr. testified at trial concerning a conversation that took place between his father and Sollie Stroud in 1945 concerning Ed's need for road access to his farm. James Johnson, Jr. testified that Sollie Stroud said to his father: "I'll just give you a road." It was shortly after this conversation that Ed Johnson built the farm road ("old road"). The old road was used by farm vehicles, Ed's car, and the milkman and was maintained by Ed. Ed died in 1976. On 30 August 1978, plaintiffs bought their interest in Ed's farm from the executors of his estate. Included in the conveyance were all right, title and interest of the grantors "in and to the easements, cartways and all means of ingress and egress to and from the above described property."

After plaintiffs acquired the farm, the Bogers began a dairy business. Incident to this business, heavy equipment, including 18 wheel trucks, began traversing the old road. The Bogers maintained the road by grading it and adding gravel. In 1989, John Gatton built a new 25 foot wide road ("new road") that connects the old farm road to Highway 901. Afterwards, in 1989 or 1990, he placed a cable across the old road bed near the junction with the new road. This cable prevented traffic from using about 400 feet of the old farm road. This was done in a manner that diverted traffic away from defendant's house forcing the traffic to use the new road to access Highway 901. At the time of trial, plaintiffs were using the new road with defendant's permission. However, they claim that their large trucks cannot negotiate a 90 degree angle in the new road and that they are thereby prevented from accessing Highway 901.

On 27 September 1990, plaintiffs filed this action seeking damages, injunctive relief, and a declaration that they have acquired a prescriptive easement over the old road. At the close of plaintiffs' evidence and at the close of all evidence, defendant moved for directed verdict. The court denied these motions. The case was submitted to a jury which found that plaintiffs had acquired an easement over defendant's land by adverse use of the old road for a period of 20 years prior to 27 September 1990, the date when this suit was filed. On 18 October 1994, Judge W. Steven Allen, Sr. entered judgment for plaintiffs and ordered defendant to remove all obstacles blocking the

**BOGER v. GATTON**

[123 N.C. App. 635 (1996)]

road. On 21 October 1994, defendant moved for judgment notwithstanding the verdict (JNOV). Judge Allen denied this motion by order entered 28 December 1994. Defendant appeals the denial of JNOV.

We first address a preliminary matter. N.C.R. App. P. 3(d) requires that a notice of appeal designate the judgment or order from which appeal is taken; this Court is not vested with jurisdiction unless the requirements of this rule are satisfied. *Smith v. Insurance Co.*, 43 N.C. App. 269, 272, 258 S.E.2d 864, 866 (1979). In her notice of appeal, defendant designates only the order denying her motion for JNOV. She does not give notice of appeal from the judgment itself. Accordingly, defendant's notice of appeal fails to properly present the underlying judgment for our review. *See Von Ramm v. Von Ramm*, 99 N.C. App. 153, 156-57, 392 S.E.2d 422, 424-25 (1990). Thus, we only address the propriety of the denial of JNOV.

A motion for JNOV under N.C.R. Civ. P. 50(b) tests whether the evidence is legally sufficient to go to the jury. *Taylor v. Walker*, 320 N.C. 729, 733, 360 S.E.2d 796, 799 (1987). JNOV is proper only if it appears, as a matter of law, that a plaintiff cannot recover "upon any view of the facts which the evidence reasonably tends to establish." *Id.* at 734, 360 S.E.2d at 799.

At trial, plaintiffs sought to prove that they had acquired an easement by prescription. Prescriptive easements are not favored in the law. *Johnson v. Stanley*, 96 N.C. App. 72, 74, 384 S.E.2d 577, 579 (1989). To obtain such a prescriptive easement, a claimant must prove: (1) that its use of the easement was adverse, hostile, or under a claim of right, (2) that the use has been open and notorious, (3) that the use was continuous and uninterrupted for a period of twenty years, and (4) that there is substantial identity of the easement for this twenty year period. *Dickinson v. Pake*, 284 N.C. 576, 580-81, 201 S.E.2d 897, 900-01 (1974).

We first examine plaintiffs' evidence of adverse use. To prove adverse use, a claimant need not show a heated controversy or ill will; he must only show a use "of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under a claim of right." *Id.* at 581, 201 S.E.2d at 900. However, there must be some evidence showing that the use is "hostile in character" and that "tends to repel the inference that it is permissive and with the owner's consent." *Id.* In North Carolina, a use is presumed to be permissive; to prove otherwise, a claimant must rebut

this presumption. *Id.* at 580, 201 S.E.2d at 900. A use that is merely permissive "can never ripen into an easement by prescription." *Id.* at 581, 201 S.E.2d at 900.

Plaintiffs acquired the 112 acre farm on 30 August 1978 and filed this action in September 1990. Even if they could show that their use was adverse in 1978, in order to satisfy the twenty year prescriptive period, they would have to either (1) "tack" their ownership to that of Ed Johnson, their predecessor in title, or (2) prove that Ed Johnson had already acquired the easement by prescription at the time of the 1978 conveyance so that they acquired it by succession from his estate. *See id.* at 585, 201 S.E.2d at 903.

Defendant asserts that tacking is inappropriate here. However, even if we assume *arguendo*, that plaintiffs may tack a prior use in this manner or that plaintiffs acquired whatever easement rights they have by succession, the evidence simply fails to show that the use by Ed Johnson was adverse, hostile, or under claim of right.

The testimony at trial tends to show that the use by Ed Johnson was permissive from 1945, when the road was first built, at least until 1978 when plaintiffs acquired their land. James Johnson, Jr. testified that the road was first built by plaintiffs' predecessor in title, Ed Johnson, after defendant's predecessor in title, Sollie Stroud, gave Ed permission to build a road over his land. Testimony of other witnesses also tends to show that Ed used the road with Sollie's permission.

Granted, there is evidence that both Ed and the Bogers maintained the road and such evidence can be enough, in some cases, to rebut the presumption that a use is permissive. *See Vandervoort v. McKenzie*, 105 N.C. App. 297, 301, 412 S.E.2d 696, 698 (1992). However, it is not enough here where the evidence shows that Ed Johnson created and then maintained the road incident to express permission given by Sollie Stroud and not as a means of giving notice to Mr. Stroud or others that he was claiming by adverse right. *See Skvarla v. Park*, 62 N.C. App. 482, 488, 303 S.E.2d 354, 358 (1983) (possession is presumed permissive until it is proven, by unequivocal acts, that the occupant intended to put the true owner on notice of its claim). After reviewing the evidence, we conclude that plaintiffs failed to rebut the presumption that use was permissive and that there is insufficient evidence of adverse use to support the jury verdict.

To prove a prescriptive easement, a claimant must also show that there is a substantial identify of the easement claimed throughout the prescriptive period of twenty years. *Dickinson*, 284 N.C. at 581, 201 S.E.2d at 901. Although there may be slight deviations in the line of travel, the use during the twenty year prescriptive period "must be confined to a definite and specific line." *Id.*

Plaintiffs have attempted to demonstrate the easement's location by introduction of a sequence of photographs taken shortly after Mr. Gatton blocked the road and by testimony of witnesses who stated that the road was the same for many years. Without accompanying maps, surveys, or more specific descriptions that delineate the easement over a 20 year period, these photographs and testimony fail to establish exactly where the purported prescriptive easement has been located throughout the prescriptive period.

Plaintiffs also rely on a 29 December 1992 survey prepared for defendant to show the identity of the easement. Although this survey does assist in locating the roadway easement as it was in 1992, it does not establish that the easement has been in a location that has been substantially the same throughout the prescriptive period. We conclude that plaintiffs' evidence of substantial identity was insufficient to submit to the jury.

Given these evidentiary insufficiencies, the trial court erred by denying defendant's motion for JNOV.

Reversed and remanded for entry of judgment in favor of defendant.

Judges EAGLES and McGEE concur.