JOHN RUPE, Plaintiff v. ANTHONY G. HUCKS-FOLLIS, M.D. and PINEHURST SURGICAL CENTER, P.A., Defendants

No. COA04-1105

(Filed 3 May 2005)

**Judges; Medical Malpractice— Rule 9(j) certification—erroneous grant of relief from another superior court judge's order—Rule 60(b)**

A superior court judge lacked authority in a negligent medical treatment case to grant relief from another superior court judge's order that denied defendants' motion to dismiss plaintiff's claim for failure to comply with N.C.G.S. § 1A-1, Rule 9(j), because: (1) N.C.G.S. § 1A-1, Rule 60(b) has no application to interlocutory judgments, orders, or proceedings from the trial court; (2) the first judge's order denying defendants' motion to dismiss was an interlocutory order, and therefore, the second judge lacked the authority to grant relief from it under Rule 60(b); and (3) even assuming arguendo that the second judge did have the authority to grant relief from the first judge's interlocutory order, she erred by concluding that the revival of Rule 9(j) by a Supreme Court decision necessitated the dismissal of plaintiff's action when plaintiff's action proceeded as if the Rules of Civil Procedure existed without Rule 9(j) after the Court of Appeals had ruled it unconstitutional and the Supreme Court had not yet reversed

that decision, and plaintiff could not subsequently be faulted for failing to comply with its certification requirement.

Appeal by plaintiff from judgment entered 4 May 2004 by Judge Ola M. Lewis in Robeson County Superior Court. Heard in the Court of Appeals 24 March 2005.

*The Law Offices of William S. Britt, by William S. Britt, for plaintiff appellant.*

*Patterson, Dilthey, Clay, Bryson & Anderson, L.L.P., by Mark E. Anderson and Katherine E. Downing, for defendant appellees.*

McCULLOUGH, Judge.

In the order now on appeal, the superior court granted relief from a previous denial of defendants' motion to dismiss and dismissed plaintiff's complaint for failure to comply with N.C. Gen. Stat. § 1A-1, Rule 9(j) (2004). We reverse.

On 21 December 2001, plaintiff filed an action against defendants for allegedly negligent medical treatment. Plaintiff's suit was initiated after a panel of this Court filed a 2 October 2001 decision, which held that N.C. Gen. Stat. § 1A-1, Rule 9(j) was unconstitutional. The North Carolina Supreme Court filed a 22 November 2002 decision vacating this holding. *Anderson v. Assimos,* 146 N.C. App. 339, 343-50, 553 S.E.2d 63, 67-69 (2001), *vacated in part and appeal dismissed,* 356 N.C. 415, 417, 572 S.E.2d 101, 103 (2002). No stay of this Court's decision was pending at the time plaintiff filed his action. Accordingly, plaintiff's complaint did not contain the certification required by N.C. Gen. Stat. § 1A-1, Rule 9(j) that, *inter alia,* his claims had been reviewed by an expert who was willing to testify that plaintiff's medical treatment did not comply with the applicable standard of care.

The statute of limitations for plaintiff's suit expired on 3 December 2001; however, on that date, plaintiff received a 20-day extension of time to file his complaint under N.C. Gen. Stat. § 1A-1, Rule 3. Plaintiff never requested the 120-day extension of time permitted by Rule 9(j) for the purpose of complying with the rule's certification requirement.

On 2 January 2002, plaintiff filed an amended complaint, pursuant to N.C. Gen. Stat. § 1A-1, Rule 15, in which he contended that he was not required to comply with Rule 9(j); however, he asserted

[o]ut of an abundance of precaution, and without waiving any objections, . . . that the care and treatment of [him] by [d]efendants [had] been reviewed by physicians who [were] willing to testify that the care and treatment . . . breached the appropriate standards of care, and that such experts [were] expected to qualify under Rule 702 of the North Carolina Rules of [Evidence].

As of the filing of plaintiff's amended complaint, the Supreme Court had neither stayed nor vacated this Court's constitutional discussion in *Anderson v. Assimos*, 146 N.C. App. 339, 553 S.E.2d 63.

On 21 February 2002, defendants filed a motion to dismiss in which they argued that plaintiff's claims against them were time barred because the 21 December 2001 complaint failed to contain a Rule 9(j) certification, and the complaint was not amended to contain such a certification until after the expiration of the 20-day extension of time granted to plaintiff for the filing of his lawsuit, which expired on 24 December 2001. After consulting with the Institute of Government, Judge Robert F. Floyd, Jr., determined that the Supreme Court had not stayed this Court's decision in *Anderson v. Assimos*, and that, therefore, Rule 9(j) remained void and unconstitutional. Accordingly, in an order entered 5 July 2002, Judge Floyd ruled that "[p]laintiff was entitled to file an Amended Complaint . . . and have it relate back to the original filing, pursuant to [N.C. Gen. Stat. § 1A-1, Rule 15(a), (c)]," and he denied defendants' motion to dismiss. Defendants' appeal from this order was dismissed as interlocutory on 22 November 2002.

On 2 April 2004, after the Supreme Court had vacated this Court's constitutional analysis in *Anderson*, defendants filed a motion for relief from Judge Floyd's order pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(5) and (6). In an order entered 4 May 2004, Judge Ola M. Lewis concluded that plaintiff's original complaint was defective under Rule 9(j)'s revived certification requirement and that the amended complaint did not relate back. She granted defendants' motion for relief from Judge Floyd's order, and dismissed plaintiff's complaint with prejudice. Plaintiff now appeals.

In his first argument on appeal, plaintiff contends that Judge Lewis lacked authority to grant relief from Judge Floyd's order. We agree.

N.C. Gen. Stat. § 1A-1, Rule 60(b) (2004) provides, in pertinent part, that

[o]n motion and upon such terms as are just, the [trial] court may relieve a party . . . from **a final judgment, order, or proceeding** for the following reasons:

. . . .

(5) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) Any other reason justifying relief from the operation of the judgment.

(Emphasis added.) "Rule 60(b) . . . has no application to *interlocutory* judgments, orders, or proceedings of the trial court. It only applies, by its express terms, to *final* judgments." *Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975) (citation omitted); *see also Pratt v. Staton*, 147 N.C. App. 771, 775, 556 S.E.2d 621, 624 (2001).

In the instant case, Judge Floyd's order denying defendants' motion to dismiss was an interlocutory order. Therefore, Judge Lewis lacked the authority to grant relief from it under Rule 60(b). As such, Judge Lewis' order must be reversed.

We note that, even assuming *arguendo* that Judge Lewis did have the authority to grant relief from Judge Floyd's interlocutory order, she erred by concluding that the revival of Rule 9(j) necessitated the dismissal of plaintiff's action. When plaintiff filed his original and amended complaints, this Court's decision in *Anderson v. Assimos* had not been stayed or reversed by our Supreme Court. Thus, plaintiff's action proceeded as if the Rules of Civil Procedure existed without Rule 9(j), and plaintiff could not subsequently be faulted for failing to comply with its certification requirement. *See MacDonald v. University of North Carolina*, 299 N.C. 457, 463, 263 S.E.2d 578, 581-82 (1980) ("When the law has received a given construction by a court of last resort, and contracts have been made and rights acquired under and in accord with such construction, such contracts may not be invalidated nor vested rights acquired under them impaired by a change of construction made by a subsequent decision."); *Williamson v. Rabon*, 177 N.C. 303, 305, 98 S.E. 830, 831 (1919) (noting that a case interpreting a statute "may become a precedent sufficiently authoritative to protect rights acquired during its continuance"); 16A AM. JUR. 2D *Constitutional Law* § 205 (1998)

**IN RE M.A.B.**

[170 N.C. App. 192 (2005)]

("Rights acquired under the particular adjudications holding [a] statute [to be] invalid are not affected by the subsequent decision that the statute is constitutional.").

For the reasons set forth above, the trial court's 4 May 2004 order is

Reversed.

Judges HUNTER and LEVINSON concur.