DUNCAN W. PERRY AND WIFE, MARY L. LAVERY-PERRY, PLAINTIFFS v. BAXLEY
DEVELOPMENT, INC., DEFENDANT

No. COA07-57

(Filed 15 January 2008)

**1. Appeal and Error— notice of appeal—denial of motions to set aside—underlying order not included**

The appellate court had jurisdiction to review motions to set aside a preliminary injunction but not the preliminary injunction itself where defendant's notice of appeal was only to the order denying the motions.

**2. Appeal and Error— appealability—preliminary injunction without notice—substantial right affected**

A preliminary injunction entered without notice, as here, affects a substantial right and is immediately appealable.

**3. Injunction— preliminary—motion to set aside—notice not sufficient**

The trial court abused its discretion by denying defendant's motion to set aside a preliminary injunction when defendant had no notice of the hearing in which the preliminary injunction was imposed. Defendant was not served with notice of the hearing until the day after, and although the attorney served for defendant was the attorney of record for defendant in an unrelated matter, he never made an appearance or representations or filed pleadings for defendant in this case. The fact that the clerk of court stated that the attorney was aware of the hearing is insufficient to satisfy the notice requirement.

Appeal by defendant from an order entered 29 June 2006 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 11 September 2007.

*Block, Crouch, Keeter, Behm & Sayed, L.L.P., by Christopher K. Behm, for plaintiff-appellees.*

*Fletcher, Ray & Satterfield, L.L.P., by George L. Fletcher and Elizabeth Wright Embrey, for defendant-appellant.*

HUNTER, Judge.

Baxley Development, Inc. ("defendant") appeals the denial of its motion to set aside a preliminary injunction obtained by Duncan W.

Perry and Mary L. Lavery-Perry ("plaintiffs"). After careful considera-tion, we reverse the trial court and remand with instructions to set aside the preliminary injunction.

On 25 January 2006, plaintiffs filed a notice of *lis pendens* and a complaint for specific performance of an offer to purchase real prop-erty located in Brunswick County, North Carolina. The complaint included a motion for a preliminary injunction to enjoin defendant, the prospective seller, from occupying, leasing, or committing waste with regard to the subject property and residence.

On 27 January 2006, plaintiffs' counsel, Wesley S. Jones ("Mr. Jones"), filed a notice of hearing on the motion for a preliminary injunction for 6 February 2006. Mr. Jones certified service of the notice of hearing upon Gary S. Lawrence ("Mr. Lawrence"), whom Mr. Jones referred to as "counsel for the opposing parties," by mail and fax on 26 January 2006. On 2 February 2006, Mr. Jones served the summons and complaint upon defendant via United Parcel Service. Defendant was also served with the summons and complaint via cer-tified mail on 7 February 2006—one day after the hearing. There is no evidence in the record that defendant ever received notice of the hearing. The Brunswick County Sheriff did not serve Mr. Lawrence until 1 March 2006.

At the 6 February 2006 hearing, neither defendant nor Mr. Lawrence was present. The clerk of court stated that Mr. Lawrence knew he was to be present. Mr. Jones told the court that he had served defendant via United Parcel Service the week before. The trial court, on 15 February 2006, granted plaintiffs' motion for a preliminary injunction.

Defendant filed a motion to set aside the preliminary injunction on 23 February 2006 pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure. That motion was denied by the trial court on 29 June 2006.

Defendant presents the following issues for this Court's review: (1) whether this Court has jurisdiction to review the preliminary injunction issued against defendant and the denial of its motions to set aside that order; and (2) whether the trial court erred in denying defendant's motions to set aside the preliminary injunction where defendant did not receive notice of the motion for a preliminary injunction before it was issued. For the following reasons, we find that this Court does not have jurisdiction to review the trial court's

**PERRY v. BAXLEY DEV., INC.**

[188 N.C. App. 158 (2008)]

entry of the preliminary injunction but does have jurisdiction to review its denial of the motion to set aside the same. Since defendant did not receive proper notice of the hearing, we reverse the decision of the trial court.

I.

[1] Defendant argues that this Court has jurisdiction to review the preliminary injunction entered against it on 15 February 2006 and the denial of its motions to set aside that order. We only find jurisdiction to review defendant's motions to set aside the order.

Defendant's notice of appeal only provided notice of appeal of the 29 June 2006 order, in which its motions to set aside the preliminary injunction were denied.[1] Defendant did not give notice of appeal on the preliminary injunction entered on 15 February 2006. Rule 3 of the North Carolina Rules of Appellate Procedure "requires that a notice of appeal designate the judgment or order from which appeal is taken; this Court is not vested with jurisdiction unless the requirements of this rule are satisfied." *Boger v. Gatton*, 123 N.C. App. 635, 637, 473 S.E.2d 672, 675 (1996) (citing *Smith v. Insurance Co.*, 43 N.C. App. 269, 272, 258 S.E.2d 864, 866 (1979)). Accordingly, we limit our review to the trial court's denial of defendant's motion to set aside the preliminary injunction. *See Brewer v. Spivey*, 108 N.C. App. 174, 176, 423 S.E.2d 95, 96 (1992) (no review of underlying judgment where the defendants only appealed the trial court's denial of their motion for judgment notwithstanding the verdict, but the denial of the motion reviewable).

[2] The denial of a motion to set aside a preliminary injunction is not a final judgment; accordingly it is an interlocutory order. *See Helbein v. Southern Metals Co.*, 119 N.C. App. 431, 458 S.E.2d 518 (1995) (reviewing the denial of a motion to set aside a preliminary injunction). As a general rule, no appeal may be taken from interlocutory orders. *A.E.P. Industries v. McClure*, 308 N.C. 393, 400, 302 S.E.2d 754, 759 (1983). An appeal may be taken, however, when an interlocutory order affects a substantial right of the appellant. N.C. Gen. Stat. § 7A-27(d)(1) (2005). In this case, defendant argues that the substantial right affected is the right to receive notice of a hearing before a preliminary injunction is granted.

---

1. The notice of appeal provides that:

Defendant, Baxley Development, Inc., hereby gives notice of its appeal to the Court of Appeals of North Carolina, from the Order entered on June 29, 2006, in the Superior Court of Brunswick County wherein Superior Court Judge, Ola M. Lewis, denied Defendant's Motion to Set Aside Preliminary Injunction.

"The facts and circumstances of each case and the procedural context of the orders appealed from are the determinative factors in deciding whether a 'substantial right' is affected." *Schneider v. Brunk*, 72 N.C. App. 560, 562, 324 S.E.2d 922, 923 (1985) (citing *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978)). Under the circumstances presented here, we find lack of notice to be a substantial right.

First, under Rule 65(a) of the North Carolina Rules of Civil Procedure, the notice requirement is mandatory before a preliminary injunction can be issued. N.C. Gen. Stat. § 1A-1, Rule 65(a) (2005). Second, this Court has stated that a preliminary injunction " 'can only be issued after notice and a hearing, which affords the adverse party an opportunity to present evidence in his behalf[.]' " *Lambe v. Smith*, 11 N.C. App. 580, 582, 181 S.E.2d 783, 784 (1971) (quoting 7 Moore's Federal Practice § 65.05 (2d ed. 1970)). Accordingly, we hold that a preliminary injunction entered without notice affects a "substantial right" and is immediately appealable to this Court. *See Harris County, TX v. Carmax Auto Superstores Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (the notice requirement in Federal Rule of Civil Procedure 65(a)(1) is mandatory and failure to provide adequate notice requires that the injunction be vacated) (citing *Parker v. Ryan*, 960 F.2d 543, 544 (5th Cir. 1992)). To hold otherwise would eviscerate the legislative mandate that parties receive notice of a preliminary injunction as the notice requirement affords the "parties a full and fair investigation and determination according to strict legal proofs and the principles of equity." *Jolliff v. Winslow*, 24 N.C. App. 107, 109, 210 S.E.2d 221, 222 (1974). We now turn to the merits of defendant's appeal.

## II.

**[3]** In this case, defendant moved under Rule 59(e) and Rule 60(b) to set aside the preliminary injunction. The trial court denied those motions. A motion under Rule 59 "is 'addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal.' " *Hamlin v. Austin*, 49 N.C. App. 196, 197, 270 S.E.2d 558, 558 (1980) (citation omitted). Similarly, "relief under Rule 60(b) is within the discretion of the trial court, and such a decision will be disturbed only for an abuse of discretion." *Harrington v. Harrington*, 38 N.C. App. 610, 612, 248 S.E.2d 460, 461 (1978). Rule 60(b), however, only applies to final judgments, not interlocutory appeals. *Rupe v. Hucks-Follis*, 170 N.C. App. 188, 191, 611 S.E.2d 867, 869 (2005). Accordingly, we limit our review to the trial court's denial of defendant's Rule 59 motion.

**PERRY v. BAXLEY DEV., INC.**

[188 N.C. App. 158 (2008)]

The trial court granted plaintiffs' motion for a preliminary injunction pursuant to Rule 65. Preliminary injunctions are interlocutory in nature and restrain a party from engaging in certain conduct until there has been a trial on the merits. *Setzer v. Annas*, 286 N.C. 534, 536-37, 212 S.E.2d 154, 156 (1975). Preliminary injunctions, however, cannot be granted "without notice to the adverse party." N.C. Gen. Stat. § 1A-1, Rule 65(a) ("[n]o preliminary injunction shall be issued without notice to the adverse party"). Defendant argues that the trial court abused its discretion by failing to set aside the preliminary injunction because defendant did not receive proper notice of the hearing on the issuance of the preliminary injunction. We agree.

In order to properly serve defendant with notice of the hearing on the motion for preliminary injunction, the service must be made upon either defendant or its attorney of record. N.C. Gen. Stat. § 1A-1, Rule 5(a)-(b) (2005). Plaintiffs make no argument that service upon defendant was proper as to the hearing because defendant was not served with such notice until one day after the hearing. Instead, plaintiffs argue that service upon defendant's purported attorney was sufficient. Thus, this Court must determine whether Mr. Lawrence was the "attorney of record" when plaintiff faxed the notice of the hearing to Mr. Lawrence on 26 January 2006. *See Griffith v. Griffith*, 38 N.C. App. 25, 29, 247 S.E.2d 30, 33 (service upon the attorney of record is service on the party), *disc. review denied*, 296 N.C. 106, 249 S.E.2d 804 (1978).

In order to become the "attorney of record," the attorney must make at least some representation of the client before the trial court, institute an action on behalf of the client, or make responsive pleadings. *See id.* at 28-29, 247 S.E.2d at 32-33. In the instant case, Mr. Lawrence never made any such appearances, representations, or filed any responsive pleadings on behalf of defendant. Mr. Lawrence was an attorney of record for defendant in an unrelated matter that plaintiffs' counsel was defending. However, that is immaterial, as Mr. Lawrence was not the attorney of record in this action. Moreover, the fact that the clerk for the trial court stated that Mr. Lawrence was aware of the hearing, absent some supporting documentation in the record indicating that Mr. Lawrence was the "attorney of record," is insufficient to satisfy the notice requirement. Accordingly, defendant never received notice as required under Rule 65 and the failure to set aside the preliminary injunction granted under that rule constitutes an abuse of discretion. We thus reverse and remand to the trial court with instructions to set aside the preliminary injunction.

**PERRY v. BAXLEY DEV., INC.**

[188 N.C. App. 158 (2008)]

### III.

In summary, we hold that the trial court abused its discretion in denying defendant's motion to set aside the preliminary injunction because defendant had no notice of the hearing in which the preliminary injunction was imposed. Accordingly, we reverse and remand to the trial court with instructions to set aside the preliminary injunction.

Reversed and remanded.

Judges WYNN and JACKSON concur.