Plasman v. Decca Furniture (USA), Inc., 2015 NCBC 97.

STATE OF NORTH CAROLINA

CATAWBA COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
12 CVS 2832

CHRISTIAN G. PLASMAN, in his
individual capacity and derivatively for
the benefit of, on behalf of and right of
nominal party BOLIER & COMPANY,
LLC,

        Plaintiff,

v.

DECCA FURNITURE (USA), INC.,
DECCA CONTRACT FURNITURE,
LLC, RICHARD HERBST, WAI THENG
TIN, TSANG C. HUNG, DECCA
FURNITURE, LTD., DECCA
HOSPITALITY FURNISHINGS, LLC,
DONGGUAN DECCA FURNITURE CO.
LTD., DARREN HUDGINS, DECCA
HOME, LLC, and ELAN BY DECCA,
LLC,

        Defendants,

and BOLIER & COMPANY, LLC,

        Nominal Defendant,

v.

CHRISTIAN J. PLASMAN a/k/a
BARRETT PLASMAN,

        Third-Party Defendant.

ORDER AND OPINION
ON THE PLASMANS'
MOTION TO CLARIFY
AUGUST 25, 2015 ORDER

{1}    **THIS MATTER** is before the Court upon Plaintiff Christian G. Plasman and Third-Party Defendant Christian J. Plasman a/k/a Barrett Plasman's (collectively, the "Plasmans") Motion to Clarify Order Dated August 25, 2015 and for Judicial Settlement for the Record on Appeal ("Motion" or "Motion to Clarify") in the above-captioned matter. The Motion was filed on September 21, 2015. The Court held a hearing on the Motion on October 16, 2015, at which all parties were represented by counsel. For the reasons discussed below, the Motion is **DENIED**.

*Law Offices of Matthew K. Rogers, PLLC, by Matthew K. Rogers for Plaintiff Christian G. Plasman and Third-Party Defendant Christian J. Plasman a/k/a Barrett Plasman.*

*McGuireWoods LLP by Robert A. Muckenfuss, Elizabeth Zwickert Timmermans, Andrew D. Atkins, and Jodie H. Lawson, for Defendants Decca Furniture (USA), Inc., Decca Contract Furniture, LLC, Richard Herbst, Wai Theng Tin, Tsang C. Hung, Decca Furniture, Ltd., Decca Hospitality Furnishings, LLC, Dongguan Decca Furniture Co. Ltd., Darren Hudgins, Decca Home, LLC, Elan by Decca, LLC, and Nominal Defendant Bolier & Company, LLC.*

Bledsoe, Judge.

I.

BACKGROUND

{2}    The factual and procedural background of this case is lengthy, and the relevant background details are recited in *Bolier & Co., LLC v. Decca Furniture (USA), Inc.*, 2015 NCBC LEXIS 55 (N.C. Super. Ct. May 26, 2015) (the "May 26 Order") and in *Plasman v. Decca Furniture (USA), Inc.*, 2015 NCBC LEXIS 90 (N.C. Super. Ct. Oct. 2, 2015) (the "Amended Order") (amending *Plasman v. Decca Furniture (USA), Inc.*, 2015 NCBC LEXIS 86 (N.C. Super. Ct. Aug. 25, 2015) (the "August 25 Order") to correct a citation error).  The Court, therefore, elects to recite only those facts and procedural history that are necessary to resolve the issues raised in the Motion to Clarify.

{3}    The Court resolved seven pending motions in the May 26 Order.  Of particular relevance here, the Court specifically denied in the May 26 Order the Plasmans' motion to amend ("Motion to Amend") a February 27, 2013 preliminary injunction order (the "P.I. Order") entered in the United States District Court for the Western District of North Carolina (the "Federal Court") while this case was pending in the Federal Court.[1]  The Plasmans filed a Notice of Appeal of the May 26 Order on June 25, 2015.

---

[1] As explained in more detail in the May 26 Order, this case was originally filed in October 2012 and removed to the Federal Court in December 2012.  After dismissing a federal copyright infringement claim, the Federal Court declined to exercise supplemental jurisdiction over the remaining state law claims and remanded the case to this Court in September 2014 for all further proceedings.

{4}    On August 25, 2015, this Court entered the August 25 Order, whereby the Court concluded that N.C. Gen. Stat. § 1-294 did not operate to stay the case and ordered that the action would proceed in this Court during the pendency of the Plasmans' appeal.  The Court entered the Amended Order on October 2, 2015 to correct a technical citation error in the August 25 Order.  Except as otherwise noted, hereafter the "August 25 Order" shall mean both the August 25 Order and the Amended Order.

{5}    On September 21, 2015, the Plasmans filed the present Motion "pursuant to Rules 59 and 60 of the North Carolina Rules of Civil Procedure and Rule 11(c) of the North Carolina Rules of Appellate Procedure."  (Pl.'s Mot. Clarify 1.)  The Motion and its supporting brief are jumbled in their requests for relief.  Based upon the papers and the arguments of counsel, the Court concludes that the Motion seeks:  (i) reconsideration of the August 25 Order under N.C. R. Civ. P. 59 and/or 60 in light of the Plasmans' charge that the Court failed to consider or appreciate their Supplemental Motion for Preliminary Injunction Conditions and Plaintiff Safeguard Conditions ("Supplemental Motion") filed March 13, 2013 in the Federal Court, (ii) reconsideration of the August 25 Order under N.C. R. Civ. P. 59 and/or 60 in light of the Plasmans' charge that the Court erred in its "substantial rights" analysis, and (iii) judicial settlement of the Record on Appeal pursuant to Rule 11(c) of the North Carolina Rules of Appellate Procedure.

II.

ANALYSIS

{6}    The Plasmans seek relief under Rules 59 and/or 60 of the North Carolina Rules of Civil Procedure.  N.C. Gen. Stat. § 7A-45.3 requires the Court to issue a written opinion in connection with all orders granting or denying relief under Rules 59 and 60.

A.  <u>N.C. R. Civ. P. 59 and 60</u>

{7}    First, the Court concludes that the Plasmans have not sought appropriate relief under Rule 60.  "Rule 60(b) of the North Carolina Rules of Civil Procedure . . . has no application to *interlocutory* judgments, orders, or proceedings of the trial

court.  It only applies, by its express terms, to *final* judgments." *Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975) (emphasis in original).  The August 25 Order holding that this action would continue during the pendency of the appeal is not a final judgment because it did not dispose of the case.  *See Pentecostal Pilgrims & Strangers Corp. v. Connor*, 202 N.C. App. 128, 132, 688 S.E.2d 81, 83–84 (2010) (quoting *Veazey v. Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950)) ("A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in a trial court.").

{8}    Next, a party may move to alter or amend a judgment under Rule 59 within 10 days after the entry of judgment.  N.C. R. Civ. P. 59(e).  The Plasmans filed their Motion to Clarify on September 21, 2015, 27 days after the entry of the Court's August 25 Order.  At the hearing, counsel for the Plasmans contended for the first time that the admittedly late filing could be salvaged under Rule 59 because the filing of the Court's Amended Order on October 2, 2015 created a new filing period.  Assuming without deciding that the Amended Order renewed the 10-day period under Rule 59(e), and notwithstanding the fact that the Plasmans did not refile the Motion in the 10-day period following the filing of the Amended Order, the Court will treat the Motion as a timely prayer for relief under Rule 59.

{9}    The Court has other concerns about whether the Plasmans have made a valid request under Rule 59.[2]  However, in light of the Court's resolution of the requested relief, the Court assumes, without deciding, that the Motion is sufficient under Rule 59.  "The determination of whether to grant or deny a motion pursuant to either Rule 59(a) or Rule 59(e) is addressed to the sound discretion of the trial

---

[2] For example, "a Rule 59(e) motion for relief from a judgment must be based on one of the grounds listed in Rule 59(a)."  *Ice v. Ice*, 136 N.C. App. 787, 789–90, 525 S.E.2d 843, 845 (2000).  The Plasmans, however, fail to identify under which grounds they contend they are entitled to relief.  Additionally, while Fed. R. Civ. P. 59 applies only to final judgments, *see supra* ¶ 18, this state's courts have not definitively restricted North Carolina's Rule 59 in a similar manner.  *See, e.g., Perry v. Baxley Dev., Inc.*, 188 N.C. App. 158, 161–62, 655 S.E.2d 460, 463 (2008) (holding that the trial court erred in denying a Rule 59(e) motion to amend an interlocutory injunction order).  *See also Rutherford Plantation, LLC v. Challenge Golf Group of the Carolinas, LLC*, 225 N.C. App. 79, 80, 737 S.E.2d 409, 411, (2013) (holding that the trial court erred in denying a Rule 59(e) motion to amend an interlocutory partial summary judgment order), *aff'd by an equally divided court*, 367 N.C. 197, 753 S.E.2d 152 (2014).

court." *Young v. Lica*, 156 N.C. App. 301, 304, 576 S.E.2d 421, 423 (2003) (citing *Hamlin v. Austin*, 49 N.C. App. 196, 197, 270 S.E.2d 558, 558 (1980)).

{10} "[A] motion made pursuant to N.C. Gen. Stat. § 1A-1, Rule 59, 'cannot be used as a means to reargue matters already argued or to put forward arguments which were not made but could have been made.'" *Batlle v. Sabates*, 198 N.C. App. 407, 414, 681 S.E.2d 788, 794 (2009) (quoting *Smith v. Johnson*, 125 N.C. App. 603, 606, 481 S.E.2d 415, 417 (1997)).

B. The "Supplemental Motion" in the Federal Court

{11} The Plasmans' Motion challenges this Court's August 25 Order, arguing that the Court should not have considered the timeliness of any Federal Court appeal and, in doing so, failed to consider the Supplemental Motion filed in the Federal Court. Specifically, the Motion suggests that a more in-depth consideration of the Supplemental Motion would have caused the Court to conclude that, because the Plasmans' right to appeal the P.I. Order never ripened or expired, the Plasmans' substantial rights were impacted by the Court's denial of the Motion to Amend.

{12} The Court concludes that the Plasmans' Motion is without merit. As an initial matter, it appears that the Plasmans misunderstand the relevance of the Court's conclusions concerning the timeliness of any Federal Court appeal in the August 25 Order. The Court concluded in the August 25 Order that the Plasmans' appeal of the Court's May 26 Order denying the Plasmans' Motion to Amend the P.I. Order did not stay the action in this Court. *Plasman*, 2015 NCBC LEXIS 90, at *13–14. In reaching this conclusion, the Court determined that the May 26 Order did not adversely impact the Plasmans' substantial rights and that the appeal of the May 26 Order was an untimely attempt to appeal the P.I. Order. *Id.*

{13} Although the Plasmans argue that the Court erred in considering the Plasmans' failure to appeal in Federal Court in the August 25 Order, (Pl.'s Mem. Supp. Mot. Clarify 2–3), their Motion to Amend predominately contended that the Federal Court improperly entered the P.I. Order and, in its particulars, sought dissolution of the P.I. Order as improvidently granted. The Court concluded that to the extent the Motion to Amend was a collateral attack on the two-year old P.I.

Order, that request was untimely because any challenge to the issuance of the Federal Court's P.I. Order should have been made by appeal to the United States Court of Appeals for the Fourth Circuit, which the Plasmans acknowledge they did not seek. *See Plasman*, 2015 NCBC LEXIS 90, at *6.

{14} Because the Court concluded that the Plasmans had missed their opportunity to challenge the entry of the P.I. Order in Federal Court, the Court further concluded that the denial of the Motion to Amend the P.I. Order left in place the status quo after entry of the P.I. Order and thus did not affect the Plasmans' substantial rights. *See id.* at *13–14 ("Plaintiffs' Appeal of the May 26 Order reflects a belated attempt to appeal the P.I. Order . . . [and] to the extent Plaintiffs' rights have been affected under these circumstances, that impact was caused by the P.I. Order in 2013 rather than this Court's May 26 Order."). This determination informed the Court's conclusion that a stay of the action pending appeal under N.C. Gen. Stat. § 1-294 was not appropriate in these circumstances.

{15} The Plasmans next contend that the Court incorrectly determined that they failed to assert a timely appeal in Federal Court, arguing for the first time in their Motion to Clarify that the Supplemental Motion constituted a "Tolling Motion" that tolled their time to appeal the P.I. Order. (Pl.'s Mem. Supp. Mot. Clarify 4–5.) The Plasmans allege that the Court "overlooked" their Supplemental Motion. (Pl.'s Mot. Clarify 4.)

{16} The Court finds the Plasmans' contention without factual or legal support. Although the record reflects that the Plasmans mentioned the Supplemental Motion and attached it as an exhibit to their Motion to Amend P.I. Order, (Pl.'s Mot. Amend PI Order 3, Ex. 7), the record is also clear that the Plasmans did not argue in their brief or at the hearing that the Supplemental Motion tolled their time to appeal the P.I. Order in Federal Court. Furthermore, Defendants' response to the Motion to Amend P.I. Order made the argument that "[a]t no point did Plasman appeal the Federal Court's interlocutory order, and he has thus waived any argument relating to the alleged impropriety of the Federal Court not requiring Decca USA to post a bond when it issued the Order." (Defs.' Resp. Mot. Amend PI Order 9.) The

Plasmans did not respond to this allegation in their reply or at the hearing. As a result, the Court considers the Plasmans' argument an improper attempt under Rule 59 to reargue matters already argued or advance arguments which were not made but could have been made. *Batlle*, 198 N.C. App. at 414, 681 S.E.2d at 794.

{17} Even if the Plasmans' argument was proper under Rule 59, whether the Court considered the Supplemental Motion to the Plasmans' satisfaction in rendering the August 25 Order is simply of no consequence on the undisputed record here. The Plasmans contend that the Supplemental Motion, which requested that the Federal Court modify its P.I. Order, was either a Rule 59(e) motion to amend judgment or a Rule 60 motion for relief from judgment, each made under the Federal Rules of Civil Procedure. (Pl.'s Mem. Supp. Mot. Clarify 4–5.) The Federal Court did not rule on the Supplemental Motion prior to remand. (Pl.'s Mem. Supp. Mot. Clarify 4–5.) Therefore, the Plasmans allege that the time to appeal the P.I. Order was tolled under Federal Rule of Appellate Procedure 4:

> If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion.

Fed. R. App. P. 4(a)(4)(A) (including motions under Fed. R. Civ. P. 59 and 60 in the list of applicable motions).

{18} Federal law is clear, however, that Federal Rules 59 and 60 apply only to final judgments. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("The district court correctly held that Fayetteville's motion for reconsideration could not be treated under Rules 60 or 59, as these rules apply only to final judgments."). The Federal Court's P.I. Order was not a final judgment, and the Plasmans therefore cannot take advantage of the tolling provision in Fed. R. App. P. 4(a)(4)(A).

{19} At best, the Plasmans' Supplemental Motion could be considered a motion under Rule 54(b) of the Federal Rules of Civil Procedure to modify an interlocutory order. *See Fayetteville Investors*, 936 F.2d at 1469–70 (holding that motion for reconsideration of dismissal as to fewer than all parties was properly considered

under Rule 54(b) as a review of a prior interlocutory order). Because a motion filed under Rule 54(b) does not toll the time for appeal under Fed. R. App. P. 4(a)(4)(A), however, the Supplemental Motion would not have tolled the time for appeal as the Plasmans allege. The Court therefore reaffirms its conclusion in the August 25 Order that the Plasmans failed to timely appeal the Federal Court's P.I. Order, and thus, that the Court's denial of the Plasmans' Motion to Amend that same P.I. Order did not affect the Plasmans' substantial rights.[3]

C. Substantial Rights

{20} Finally, the Plasmans ask the Court to reconsider its August 25 Order and allow additional briefing on the issue of substantial rights, (Pl.'s Mot. Clarify 8), contending that "at no point has the trial court requested [that] the parties brief the 'substantial rights' justifying immediate appeal issue" and claiming that they were not afforded the opportunity to fully brief the issue. (Pl.'s Mem. Supp. Mot. Clarify 5.)

{21} The Plasmans' contentions are again belied by the plain and undisputed record. On July 14, 2015, the Court requested that the parties provide the Court with "short briefs advising the Court whether this case may proceed with further pleadings, discovery, and to a determination on the merits, or whether this case must be stayed pending resolution of the Plasmans' appeal." (Sched. Order July 14, 2015.)

{22} In their responsive brief, it is clear that the Plasmans more than adequately understood the role of "substantial rights" in the Court's inquiry. In laying out the standard of review, the Plasmans (correctly) instructed the Court that "an interlocutory order is not appealable, and thus no stay is effected, unless it 'affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment.'" (Pl.'s Br. Regard.

---

[3] The Court notes that even if the Plasmans' contentions concerning their ability to timely appeal the P.I. Order were correct, which the Court concludes is not the case, the Plasmans' Motion to Clarify still must fail for the other reasons set forth in the Court's August 25 Order concluding that the Plasmans' substantial rights were not adversely impacted by the Court's May 26 Order and thus that the action should not be stayed pending the Plasmans' appeal. *See Plasman*, 2015 NCBC LEXIS 90, at *11–14.

Sched. Order 2) (quoting *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381.) Additionally, the subsequent section of the Plasmans' brief begins with the subheading "The Appeal Involves Plasman's Substantial Rights During The Appeal, and Stay Is Operative Upon Perfection" and is followed by two pages of argument in support of the stated contention. (Pl.'s Br. Regard. Sched. Order 3–5.) As such, the Court concludes that the Plasmans' assertion that they were not afforded the opportunity to brief the issue of "substantial rights" is demonstrably false. Further, to the extent the Plasmans disagree with the Court's ruling and seek to reargue matters already argued, the Court finds the Plasmans' request improper under N.C. R. Civ. P. 59. *See supra* ¶ 10.

{23} In addition, in seeking to reargue the issue of substantial rights, the Plasmans ask the Court to make specific findings of fact relating to the Court's decision not to amend the Federal Court's P.I. Order and require an injunction bond. (Pl.'s Mot. Clarify 8; Pl.'s Mem. Supp. Mot. Clarify 8.) The Court denies the Plasmans' request as untimely because the request seeks findings concerning matters decided in the May 26 Order. North Carolina law is clear that a request for specific findings of fact after the Court's order has issued is not timely. *See Strickland v. Jacobs*, 88 N.C. App. 397, 399, 363 S.E.2d 229, 230 (1988) (affirming trial court's discretionary denial as untimely of a request for specific findings made in a Rule 59(e) motion to amend).

### III.

### CONCLUSION

{24} For the foregoing reasons the Court hereby **DENIES** the Plasmans' Motion to Clarify. The Court will address the Plasmans' request for judicial settlement of the record on appeal by separate order.

**SO ORDERED**, this the 26th day of October, 2015.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
for Complex Business Cases